CHAS. S. NEWTON ET AL. v. EMERSON, TALCOTT & CO. ET AL.

(Case No. 5658.)

1. DEED—ACKNOWLEDGMENT—SIGNATURE—The acknowledgment of N. to a paper which he presented, was taken by a proper officer in 1871. The instrument was neither written nor signed by N., but had been prepared at his request, and conveyed certain of his property to his wife. After acknowledging the instrument, he filed it for record, and thereafter made verbal statements to his wife and other relations to the same effect as expressed in the instrument. *Held:*

(1) The acknowledgment was a recognition and adoption of every word then upon the instrument.

(2) By the acknowledgment and subsequent delivery, N. declared and made his name or signature then on the paper the evidence of his intention, in reference to giving it validity and effect, as fully as though the name had been written by himself. (Authorities cited.)

(3) Such evidence and declaration must be deemed true and effective, unless the instrument, considered as having been written by the person named as maker, could not, in law, be regarded as signed.

(4) A deed or other instrument may be said to be signed whenever the name of its maker is so written upon it as to evidence his intention to give authenticity to it. See opinion for facts held sufficient manifestation of such intention.

2. PRACTICE—SUPREME COURT—If the facts stated in a petition, a general exception to which has been sustained, are not sufficient to warrant a judgment different from that rendered upon the exception, the supreme court will not reverse and remand the case, although errors of law may have been committed.

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldridge

This was an action of trespass to try title, brought by appellants to recover an undivided interest in certain real estate situated in the city of Dallas. All parties claimed through Charles G. Newton. The first wife of Charles G. Newton died in 1852, leaving four children, Chas. S. Newton, W. F. Newton, Mary A. Newton, afterwards the wife of J. C. Beeker, and Jennie E. Newton, who became the wife of G. A. Bullock, and died leaving him two children, Leonora and Lester Bullock.

In 1853, Charles G. Newton married Adeline L. Newton, and against their children and other persons, who were vendees of Mrs. Adeline Newton, appellants brought this suit to recover one hundred-four hundred and thirty seconds of certain property purchased by Newton after his second marriage. The appellees claimed that Charles G. Newton conveyed to Mrs. Adeline Newton by deed all his interest in the property in controversy.

The petition alleged: "That on June 12, 1871, Charles G. Newton requested one W. H. Thomas, a conveyancer, to draft a deed of gift from himself to his wife, Adeline L. Newton, of the land; and on that day Thomas did accordingly draft such an instrument, and delivered the same to Newton, ready for his signature; and that afterwards, to-wit, on June 19, 1871, Charles G. Newton appeared before J. M. Laws, the clerk of the district court of Dallas county, Texas, with the instrument, and without having subscribed the same—his name not appearing in the instrument, except where written by the conveyancer in the body of the instrument—delivered it to Laws and requested him to take his acknowledgment thereto, and to file for record; and that Laws thereupon took the instrument, and took the acknowledgment of Newton thereto, and endorsed on the instrument his certificate of the acknowledgment, and filed and recorded it in its unsubscribed condition."

The instrument remained on file till the death of Newton, when plaintiff, W. F. Newton, delivered it to Mrs. Newton. Before his death, Charles G. Newton stated to his wife and others of the family that he had made the deed to her, and that he had no property of his own. All the facts being stated in the petition, the case was submitted to the court by general exception. The exception was sustained, and the plaintiffs. declining to amend, appealed.

*Leake & Henry* and *Chas. F. Tucker*, for appellants, cited : R. S.,
arts. 997, 1000, 1003, 5007, 5008, 5009; Jones *v.* Menard, 1 Tex., 777;
Dorn *v.* Best, 15 Tex., 62; Miller *v.* Ruble, 20 Cent. Law Jour., 372;
Jones *v.* Gurlie, 61 Miss., 423; Boothroyd *v.* Engles, 23 Mich., 29; 44
Conn., 325; Catlett *v.* Catlett, 55 Mo., 330; Marston *v.* Brashard, 18
Mich., 81; Martindale on Conv., 163; Brown on Frauds, 8, 368, 372;
Wood on Statute of Fraud, 772-776; 3 Parsons on Cont., 4, 5, 6, 7, 10,
note *q*; Fry on Spec. Perform., 234, 235, 236; McDill *v.* McDill, 1 Dall.,
66; Watson *v.* Jones, 4 Norris, 117; Miller *v.* Alexander, 8 Tex., 43;
Cooch *v.* Goodman, 42 Eng. Com. L. R., 817.

*Simkins & Smith, W. B. & G. G. Wright, John Bookhout* and *H. G.
Robertson*, for appellees, cited : Peters *v.* Phillips, 19 Tex., 70; Tiede-
man on Real Prop., secs. 780, 786, 807, 808, 809, 813, 814; Martin-
dale's Law of Conv., secs. 6, 7, 189, 190; 3 Parsons on Cont., 3-12; 3 Wash-
burn on Real Prop., 270, 271, 272; Story on Agency, secs. 49, 50, 51;
2 Story on Cont., secs. 1015*u*, 1015*v*, 1015*w*; Story on Sales, sec. 267;
Fry on Spec. Perform., secs. 351, 354, 355; Dork Co. *v.* Leavitt, 54
N. Y., 40; Bartlett *v.* Drake, 100 Mass., 175; Willis *v.* Lewis, 28 Tex ,
180; 2 Parsons on Cont., 287; Merritt *v.* Clason, 12 Johns., 102;
Closson *v.* Baily, 14 Johns., 484; Addison on Torts, sec. 214; Fulshear
*v.* Randon, 18 Tex., 276; Alexander *v.* Baylor, 20 Tex., 560; Prince *v.*
Thompson, 21 Tex., 480; Hilliard on Vendors, 2d Ed., p. 111; Green
*v.* Cross, 12 Neb., 117; Sanders *v.* Hackney, 10 Lea, (Tenn );
Nye *v.* Lowery, 82 Ind., 316; Clough *v.* Clough, 73 Me., 487;
Middleton *v.* Findla, 25 Cal., 76; Harris *v.* Harris, 59 Cal., 620; Jan-
sen *v.* McCahill et al., 22 Cal., 563; Peavy *v.* Tilton, 45 Am. Dec., 365;
Adams *v.* Adams, 88 U. S. 185; Brown *v.* Brown, 61 Tex., 56;
Stanley *v.* Green, 12 Cal., 148; 1 Wharton on Ev., sec. 740; Pringle
*v.* Dunn, 37 Wis., 449; Williams *v.* Pouns, 48 Tex., 141; Sicards *v.*
Davis, 10 Curtis 59; Kerr *v.* Russell, 69 Ill., 666; Fallon *v.* Kehoe,
38 Cal., 48; Bishop on Cont., sec. 168; Norman *v.* Malett, 8 Ala ,
546; Jackson *v.* Lowe, 1 Benj., 9; Zoun *v.* Haller, 71 Ind., 136; Brown
*v.* Bank, 6 Hill, 443; McIntyre *v.* Park, 11 Gray, 104; Drury *v.* Young,
58 Md., 546; Benj. on Sales, secs. 259, 260, 261; Insurance Company
*v.* Brown, 30 N. J., 194; 18 Am. Rep., 634; Sarah Miles' Will, 4 Dana,
1; P. D., art. 3875; James *v.* Fulcrod, 5 Tex., 515; Mead *v.* Randolph,
8 Tex., 196; Miller *v.* Thatcher, 9 Tex., 483; Leakey *v.* Gunter, 25 Tex.,
403; Boze *v.* Davis, 14 Tex., 331; Hendricks *v.* Snediker, 30 Tex., 304;
Cronlin *v.* Hendricks, 35 Tex., 244; Hardesty *v.* Richardson, 22 Am.
Rep., 57; P. D., art. 997; 1 Addison on Cont., sec. 25; R. S., art.
548.

STAYTON, ASSOCIATE JUSTICE.—The petition sets up the facts under which all parties to the action claim title to the property in controversy, and the only question which arises is as to the sufficiency of those facts to show title in the plaintiffs, or such of the defendants as claim title only through inheritance from Charles G. Newton.

If the instrument acknowledged by him on June 19, 1871, and bearing date the twelfth of that month, operated a transfer of his interest in the property, then no one claiming by inheritance through him can have title.   If that instrument had been subscribed by him, there is no contention that it would not have passed to his wife all the interest he held in the property.

It is contended, however, as the instrument was not subscribed by him, and not written by him, that it is therefore inoperative.   The admitted fact is that he produced the instrument before an officer authorized to take acknowledgments of deeds, for the purpose of making the proper acknowledgment, and that before that officer he declared and asked him to certify, as the officer did, "that he signed, executed and delivered the foregoing deed to be his act for the purposes and considerations therein stated."

Under this state of facts it is unimportant that the entire instrument, including the name of Charles G. Newton, was written by another, at his request; nor is it important whether he was present when it was written; for, it is well settled that by his acknowledgment before the officer he adopted and made his own, every word, including his own name, then upon the instrument

By that act, and the delivery of the instrument, he declared and made his name or sign, then on the paper, the evidence of his intention in reference to giving it validity and effect, as fully as though the name had been written by himself.

Bartlett v. Drake, 100 Mass., 175; Clough v. Clough, 73 Me., 488; Nye v. Lowery, 82 Ind., 320; Willis v. Lewis, 28 Tex., 180; Adams v. Field, 21 Vt., 267; Armstrong v. Stovall, 26 Miss., 282; Pike v. Bacon, 21 Me., 287; Bird v. Decker, 64 Me., 552.   It is to be regarded then as though entirely written by himself, for he declared that, as an entirety, it was his act; that he had signed and executed it.   This declaration must be received as true, unless it appears that he was mistaken; that is, unless it be true that what appeared upon the paper at that time, if wholly written by the person named as maker, cannot in law constitute a signing.

Conceding then that under the law in force at that time it was necessary to the validity of the instrument that it be "signed by the

party to be charged therewith," the question arises whether the instrument within the meaning of the law, under the admitted facts, was signed by Charles G. Newton. The instrument commences: "Know all men by these presents, that I, Charles G. Newton, of the county of Dallas, in the State of Texas, * * * have sold, and by these presents do sell, transfer and convey unto Adeline L. Newton," etc.; * * * and it concludes: "To have and to hold unto the said A. L. Newton, her heirs and assigns forever, free from the claim of any and all persons. Given under my hand this, twelfth day of June 1871." The instrument, however, 'was not subscribed, nor did the statute then in force require it to be, as does the law now in force. A deed or other instrument may be said to be signed whenever the name of its maker is so written upon it as to evidence his intention to give authenticity to it.

At common law the seal was the sign, and a sealing was regarded as a signing—as the act evidencing the intention of the maker to give vitality to the instrument; so, under the laws of those states in which sealing has been dispensed with and *subscription* is not required, it has been very generally held that the writing of the name of the maker in the body of the instrument, in such connection as to evidence his intention to give effect, vitality or authenticity to the entire writing, as one completed instrument, is to be deemed a signing, within the meaning of the law. Fulshear *v.* Randon, 18 Tex., 277; Penniman *v.* Hartshorn, 13 Mass., 87; Johnson *v.* Dodgson, 2 M. and W., 659; McConnell *v.* Brillhart, 17 Ill., 361; Coddington *v.* Goddard, 16 Gray, 444; Hawkins *v.* Chace, 19 Pick., 504; Ingoldsby *v.* Juan, 12 Cal., 564; People *v.* Murray, 5 Hill, 470; Smith *v.* Howell, 3 Stockton, 349; Adams *v.* Field, 21 Vt., 265; Knight *v.* Crockford, Esp. Cases, 189; 1 Chitty on Cont., 97; 3 Parsons on Cont., 6; 3 Washburn, 245; Hillard on Vendors, 111; Addison on Cont., 214; Fry on Spec. Perform., 347; 1 Benjamin on Sales, 259-264; Saunders *v.* Hackney, 10 Lea, 194.

The instrument does not, on its face, appear to be necessarily imperfect. There is no language used in the final clause which may not refer as well to the name of the maker, inserted in the beginning of the instrument, as would it to his name if subscribed. It was presented by the person whose name appears in it as maker to a proper officer, for the purpose of making, before him, a statement of his own understanding as to his own acts therein accomplished, as well as to declare his intention in regard to the purpose which, through such acts, he believed to be secured.

His object in this was to have these things certified in the most solemn form, that, in future time, there might be the evidence which the law required of his act as well as intention. After being acknowl-

edged and certified, the paper was deposited with the proper officer, that he might place it upon the public record, which, of itself, has often been held to operate a constructive delivery which is the final act in transmission of title by deed.   Holliday v. White, 33 Tex., 460; Cooper v. Jackson, 4 Wis., 537; Jackson v. Cleveland, 15 Mich., 94; Somers v. Pumphrey, 24 Ind., 231; Boody v. Davis, 20 N. H., 142.

The evidence shows fully what the purpose of the maker in delivering the paper to the officer was; for, after delivering the paper to the officer for record, he at once informed his wife that he had done so, that the property was thereby made hers, and such he declared it to be so long as he lived.   She asserted claim under it.   If there was doubt, from an inspection of the instrument, whether the person named in it as maker intended to adopt his name therein written by another, and doubt certainly would exist upon this point if there was evidence only of the fact that he had such a paper in his possession, the fact of adoption of that name is shown by the acknowledgment, delivery of the deed and repeated declarations subsequently made, all of which must have their legitimate bearing upon this question.   All the facts upon which the plaintiffs relied to show that the title and interest of Charles G. Newton did not pass to his wife by the instrument of date June 12, 1871, having been set out in plaintiffs' petition, the parties treated the questions involved in the case as purely questions of law, and, therefore, presented them by demurrer.

This was not strictly correct, for some of the questions bearing on the validity of the instrument are questions of fact, which the appellants were entitled to have passed upon in the court below, if they so desired.   It is probable, however, that all parties have treated the demurrer as going to the evidence bearing on the question of the execution of the instrument, treating the statement of facts bearing on that question fully set out in the petition as all the facts.

If so, it would subserve no useful purpose, even if the court below on the questions purely of law erred in sustaining the demurrer to reverse the judgment and remand the case, unless, upon the facts stated in the plaintiffs' pleadings, a judgment, based on the theory that Charles G. Newton did not execute the deed to his wife, could be sustained.

We are of the opinion that a verdict or finding by the court, to the effect that the instrument of June 12, 1871, was not executed by the person through whom the plaintiffs' claim, could not be sustained under the facts pleaded, and that as the case is presented the judgment should be affirmed.   It is so ordered.

AFFIRMED.

[Opinion delivered April 27, 1886.]