## WALLER v. DICKSON.   (No. 2334.)

(Court of Civil Appeals of Texas. Texarkana. April 13, 1921. Rehearing Denied April 21, 1921.)

1. **Wills ⬤⟳800 — Widow's taking under will, not undertaking to dispose of wife's interest in community property, was not an election as to community interest.**

A will, giving the younger children each a sum of money from testator's estate, and then giving all testator's estate to his wife plainly and unambiguously, undertakes to dispose only of the estate testator owned, not the interest of the wife in the community estate, so that her taking under the will was not an election that her community interest should pass under the will to the devisees.

2. **Executors and administrators ⬤⟳288—Executor making distribution cannot convey interest inherited from testator's wife.**

The surviving executor under a will, in distributing the property according to agreement between the beneficiaries, cannot convey the interests which the beneficiaries had inherited from the testator's wife, to whom he had devised his estate subject to certain payments, and who had since died.

3. **Husband and wife ⬤⟳194—Instrument confirming sale by executor must be separately acknowledged to convey married woman's interest.**

An instrument, executed by the heirs, confirming a distribution of the property by the executor, cannot operate as a conveyance of an interest of a married woman in the property, where she was not examined separate from her husband in taking her acknowledgment, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 6805, 1114.

4. **Vendor and purchaser ⬤⟳130(2)—Executor's deed and confirmation by heirs held not to show conclusively agreed partition.**

Where a will provided for payments to certain children of testator, a deed by the executor to one of those children in payment of her legacy, and an instrument executed by the heirs, confirming the deeds of the executor, do not conclusively establish, as a matter of law, a consent partition by the parties so as to make an abstract of title showing such instruments disclose a good title of record in the executor's grantee.

5. **Pleading ⬤⟳228—Error to sustain exceptions to supplemental petition stating no grounds for recovery but a defense to relief demanded by answer.**

In a suit to recover the deposit of earnest money and the liquidated damages for breach of a contract, where the answer claimed a breach by plaintiff, in that the abstract furnished did not show good title, a supplemental petition, alleging that defendant agreed to accept the title if plaintiff procured quitclaim deeds, correcting it within a reasonable time, but that he refused to accept it after the deeds were procured, though it does not state grounds for recovery by plaintiff, states a defense to the affirmative relief asked by defendant, so that it was error to sustain exceptions thereto.

Appeal from Smith County Court; W. R. Castle, Judge.

Suit by W. T. Dickson against Joe Waller and another, to recover the amount of deposit on a contract for the sale of land and the liquidated damages for breach of such contract. Judgment for plaintiff against the named defendant, and that defendant appeals. Reversed and remanded.

Appellee, Dickson, claimed to own a tract of 93 acres of land in Smith county, which by a contract made December 20, 1919, he agreed to sell to appellant for $6,500, payable $5,000 when the sale was concluded, not later than January 10, 1920, and the remainder in one, two, and three years. Dickson further agreed to furnish appellant an abstract, showing he had "good title to the land," and Dickson and appellant each agreed to place $500 with a trustee "as forfeit money," quoting, "in good faith to this contract." Each of said parties, in compliance with his undertaking, deposited $500 with J. W. Fitzgerald as trustee, and Dickson within the time allowed by the contract furnished appellant an abstract of title he claimed to the land. It appeared from the abstract that Mrs. Ontie Otus Ingram, daughter of W. B. Funderberg, and his wife, Sarah J. Funderberg, joined by her husband, W. T. Ingram, undertook by her deed, dated November 21, 1911, to convey the land to Dickson. After examining the abstract appellant conceded, and on this appeal concedes, that it showed good title to the land to be in W. B. Funderberg and Sarah J. Funderberg, and that the deed of Mrs. Ingram passed a good title thereto to Dickson, unless Mrs. O. F. Barron and Mrs. O. W. Owens, daughters of said W. B. Funderberg and Sarah J. Funderberg, owned an interest in it. But when Dickson, on January 10, 1920, tendered appellant a deed to the land in compliance with his undertaking, appellant declined to accept it, and to otherwise comply with his undertaking, on the ground that it appeared from the abstract that said Mrs. Barron and Mrs. Owens each owned an interest in the land which had not passed to Dickson. Thereupon Dickson, on the theory that the abstract showed good title in him, commenced this suit against appellant and against appellees John Waller and J. W. Fitzgerald to recover the $500 he deposited with said Fitzgerald, and to recover as liquidated damages for the breach by appellant of his undertaking the $500 the latter deposited with said Fitzgerald. The appeal is from a judgment dismissing the suit so far as it was against John Waller, and granting appellee the relief he prayed for against appellant.

Price & Beaird, of Tyler, for appellant.

Johnson, Edwards & Hughes, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). It appears from the record that the parties agree (1) that the 93 acres of land constituting the subject-matter of the contract between them was part of a tract of 290 acres acquired by W. B. Funderberg during his marriage with his wife, Sarah J., and owned by them at the time he died, and (2) that the abstract of title furnished by appellee to appellant—

"showed on the 10th day of January, 1920, good title to the land unto the heirs of Sarah J. and W. B. Funderberg, and showed good title in W. T. Dickson, unless it was not good by reason of the title not having passed out of Mrs. O. F. Barron, wife of V. N. Barron, and Mrs. O. W. Owens, wife of T. J. Owens."

Therefore the question to be determined is: Did it appear from the abstract that title to the admitted interest of Mrs. Barron and Mrs. Owens as heirs of said W. B. and Sarah J. Funderberg had passed to appellee? Whether it so appeared or not depends upon the legal effect of the following instruments, constituting parts of the abstract: First, the will of said W. B. Funderberg, probated in May, 1878, after his death in April of that year; second, the deed dated February 17, 1897, of W. W. Funderberg as the survivor of the two independent executors named in said will conveying the land to Mrs. Ontie Otus Ingram, a child of said W. B. and Sarah J. Funderberg, who, joined by her husband, W. T. Ingram, conveyed the land to appellee by a deed dated November 21, 1911; and, third, an instrument dated February 23, 1897, executed by said Mrs. Ingram and other children of said W. B. and Sarah J. Funderberg. It is insisted by appellee that the effect of the instruments was to pass title to the interests owned by Mrs. Barron and Mrs. Owens in the land to him, while appellant insists they did not have that effect.

In his will said W. B. Funderberg named his wife, Sarah J. Funderberg, and his son, W. W. Funderberg, as executrix and executor, respectively. The will contained provisions as follows:

"1. I will and desire that as my older children [naming them] have heretofore at their marriage received from me $600 in money or other property of equivalent value, my younger children also [naming Mrs. Ingram, then unmarried, and others] shall hereafter at the expense of my estate receive rearing, sustenance and education and at the date of their marriage or arriving at the age of majority, whichever event shall first happen, shall receive from the executor and executrix of this my last will and testament $600 each or its equivalent in other property; and to this end and for this purpose.

"2. I will, desire and bequeath all my estate of every kind whatsoever, real, personal and mixed, separate and community, to my beloved wife, Sarah Jane Funderberg, to be held, possessed and owned by her in fee simple, to be by her used for her own benefit, with the exclusive right to occupy, cultivate, rent, lease, sell and dispose of the same as to her may seem best, with this sole restriction on her, that after rearing and educating our said minor children heretofore named she shall pay to each of said minors on arriving at the age of majority, or shall marry, whichever event shall first happen, $600 in cash or give to him or her an equivalent in other property, as may be agreed upon by the parties interested."

A part of the deed to Mrs. Ingram, following recitals of provisions in the will, is as follows:

"Now, therefore, be it known that I, William Walter Funderberg, surviving executor of said will, by virtue of the authority vested in me by said will, in consideration that said Ontie Otus Ingram has this day given to me her receipt for the sum of $600 as part of her share in said estate of W. B. Funderberg, I do by these presents grant, bargain, sell, release and convey to her," etc.

The instrument referred to above as having been executed by Mrs. Ingram and other children of W. B. and Sarah J. Funderberg is as follows:

"Whereas on or about April 21, 1878, W. B. Funderberg departed this life in Smith county, Texas, having a will, which was duly probated by the county court of Smith county, and recorded in Book E, pages 706 and 707, Probate Records of said court; and whereas Sarah J. Funderberg the widow of said W. B. Funderberg, deceased, departed this life in Smith county, Texas, on January 24, 1897, and at the time of her death, she was still due and owing four of her children, to wit, Ontie Otus Ingram, wife of Thomas Ingram, Oliver Welch Funderberg and Ogel Oden Funderberg and Ogno Rano Funderberg the sum of six hundred dollars each, as provided in the will of said W. B. Funderberg, deceased; and whereas after the death of said Sarah J. Funderberg, Wm. Walter Funderberg, who is also named as executor in the will of said W. B. Funderberg, deceased, took charge of all the property of every description belonging to the estate of said W. B. and Sarah J. Funderberg and has disposed of same, and paid the amounts due to the said Ontie Otus Ingram, Ogeno Rano Oliver Welch and Ogel Oden Funderberg, by deeding them certain real estate and other property, and has also disposed of any remaining property that may have come into his hands, and has paid off all debts and legal charges against the estate of said Sarah J. Funderberg, deceased.

"Now we, the undersigned children and heirs at law of said W. B. and Sarah J. Funderberg, deceased (the last named having died intestate), hereby acknowledge and declare that we have each received the shares either in money or property, that was derived for the benefit of each and all of us by the said will of W. B. Funderberg, deceased, and we hereby ratify and confirm the sales and disposition of property as aforesaid made by Wm. Walter Funder-

berg since the death of our said mother, Sarah J. Funderberg, deceased."

The instrument was signed by Mrs. Owens and her husband, and by Mrs. Barron, but not by her husband, who, nevertheless, it appears from a certificate of a notary in due form, appeared with his wife before the notary, and with her acknowledged that he executed it. It appears from another certificate attached to the instrument that Mrs. Owens and her husband also acknowledged that they, respectively, executed it, but the certificate does not show that the acknowledgment by Mrs. Owens was after she had been privily examined by the officer as required by law.

It appearing that the land belonged to the community estate between W. B. Funderberg and his wife, Sarah J., and that the latter died intestate, it is plain that Mrs. Barron and Mrs. Owens, as children and heirs of said Sarah J. at her death took an undivided interest in it, unless, as the trial court concluded was the case, W. B. Funderberg undertook by his will to dispose, not only of his interest in the land, but also the interest therein of said Sarah J., and she, being bound to elect whether she would do so or not, elected to take under the will.

[1] Looking to the language of the will, which is plain and unambiguous, it is clear, we think, that W. B. Funderberg undertook to dispose only of the estate he owned, and did not undertake to dispose of the interest his wife owned in the community estate between them. Hunt v. White, 24 Tex. 643; Haby v. Fuos, 25 S. W. 1121; 1 Alexander on Wills, § 113; 2 Alexander on Wills, § 815. Therefore we think the conclusion of the trial court was erroneous, and that the abstract must be viewed as showing title to an interest in the land to be in Mrs. Barron and Mrs. Owen at the time the executor of the will undertook to convey it to Mrs. Ingram.

[2] As the title in Sarah J. Funderberg did not pass by force of the will, it is plain, we think, that the interest in Mrs. Barron and Mrs. Owens as heirs of said Sarah J. Funderberg did not pass to Mrs. Ingram by force alone of the deed to her from the executor of W. B. Funderberg's will, for that executor was without power as such to pass the title in them as such heirs to any one.

It is insisted, however, that if the title in Mrs. Barron and Mrs. Owens did not pass by the deed of said executor to Mrs. Ingram, it did pass to her by force of the instrument set out above, whereby the children and heirs of W. B. and Sarah J. Funderberg undertook to ratify that deed and others made by said executor; or, if it did not pass by force of that instrument alone, it passed by force of it and the deed of the executor when considered together.

[3] That it did not appear from the abstract that the instrument operated as a conveyance by Mrs. Owens of the interest she owned is clear, in view of the fact that it did not appear from the certificate of the notary attached thereto that in taking her acknowledgment he had complied with the requirements of the statute with reference to acknowledgments by married women. Art. 6805 and article 1114, Vernon's Statutes. And that it did not appear from the abstract that the instrument operated as a conveyance by Mrs. Barron of her interest is equally clear, unless it is true, as appellee insists it is, that the requirement of the statute that the husband shall join the wife in a conveyance of real estate belonging to her separate estate (article 1114, Vernon's Statutes) was in legal effect complied with, notwithstanding he did not sign the instrument, when he acknowledged before the notary that he executed it. As supporting his contention that the acknowledgment by Barron was sufficient evidence that he joined his wife in the execution of the instrument, appellee cites Newton v. Emerson, 66 Tex. 142, 18 S. W. 348, where it appeared that the instrument in question was dated June 12, 1871. It was never signed by the party mentioned in it as the grantor, but it appeared to have been acknowledged by him before a proper officer. In holding that the instrument was effective as a deed the Supreme Court observed that the statute in force at the time it was dated did not, as the one (article 1103, Vernon's Statutes) in force at the time the decision was rendered and since did, require such an instrument to be subscribed by the maker. As the disposition to be made of this appeal would be the same, however the question might be decided, we will not undertake to determine whether under the statute in force at the date of the instrument here in question the acknowledgment by Barron that he had executed it was a sufficient compliance with the requirement that, to operate as a conveyance by Mrs. Barron of her interest in the land, she should be joined by her husband in its execution.

[4] It not appearing from the abstract, for the reason stated, that the instrument in question operated as a conveyance of the interest Mrs. Owens owned in the land, the remaining question is: Did it appear from said instrument and the deed of the executor to Mrs. Ingram, when considered together, that Mrs. Owens did not own an interest in the land? Appellee insists that the question should be answered in the affirmative, because, he says, when so considered, the two documents showed that the parties who owned the estate of W. B. and Sarah J. Funderberg, respectively, treated same as one estate, agreed on a partition thereof among themselves, and executed the documents in conformity to and as evidence of such agreement. It may be that on the trial of an issue as to whether there had been such a partition between the parties owning the estates the documents would have been competent as evi-

dence to prove there had been, but we do not think it can be said they would have been conclusive of the fact. Therefore we do not think it should be said as a matter of law that the abstract showed on its face that Mrs. Barron and Mrs. Owens were not entitled to assert a right in themselves to an interest in the land. They might on the trial of such an issue be able to show by other testimony that the inferences which appellee claims were deducible from the documents were not warranted.

The conclusion reached that the abstract did not show a good title to be in appellee would require, not only a reversal of the judgment, but the rendition here of judgment in favor of appellant, but for matters now to be stated.

[5] In his answer appellant alleged that appellee failed to comply with his undertaking in the contract between them, in that the abstract he furnished within the time agreed upon did not show he had good title to the tract of land it covered, and in that said tract contained only 87 acres when it was to contain 93 acres. Appellant further alleged that he was able, ready, and willing to comply with his undertaking in the contract, and would have done so but for the breach by appellee of his undertaking, and he prayed for judgment against appellee for the $500 deposited by appellee with J. W. Fitzgerald, as stipulated damages he was entitled to for such breach. In a supplemental petition appellee alleged as a reason why appellant should not be allowed such a recovery, and "as a cumulative and alternative ground" for the recovery he sought against appellant, that he furnished appellant an abstract of title within the time provided in the contract between them; that appellant objected to same on the ground that it did not show that appellee had acquired the title in Mrs. Barron and Mrs. Owens, respectively, to an interest in the land; that appellee then offered to remove the objection made to his title by procuring quitclaim deeds from Mrs. Barron and Mrs. Owens, respectively; that appellant agreed if appellee procured such deed within a reasonable time to conclude the sale agreed upon; that he procured the deeds within such a time, and tendered same to appellant, but that the latter refused to take and pay for the land as he had agreed to. In a cross-assignment appellee complains of the action of the trial court in sustaining exceptions interposed by appellant to the allegations in the supplemental petition referred to. We think the cross-assignment should be sustained. While appellee may not have been entitled to rely on the allegations as ground for the recovery he sought, we think they presented a defense against the recovery appellant sought against him, and that the trial court therefore erred when he sus-

tained the exceptions. Certainly, if, as alleged, appellant waived performance by appellee of his undertaking to furnish the abstract within the time specified in the contract, the former was not entitled to recover damages of the latter because of such failure. 13 C. J. 689.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.