**BEASLEY et ux. v. KECK. (No. 11359.)***

(Court of Civil Appeals of Texas. Fort Worth. Jan. 16, 1926. Rehearing Denied Feb. 20, 1926.)

1. **Appeal and error** ⬤➔672—**Reviewing tribunal is required to consider fundamental error, though record does not disclose filing of motion for new trial, bill of exception, or assignment of error (Rev. St. 1925, art. 2162).**

Reviewing tribunal is required to consider fundamental error under Rev. St. 1925, art. 2162, though record fails to disclose appellant filed motion for new trial, bill of exception, or assignment of error.

2. **Dismissal and nonsuit** ⬤➔60(2)—**Dismissal on plaintiff's second motion for continuance held unauthorized as against exception of plaintiff, who manifested purpose not to abandon suit.**

Trial court *held* unauthorized to dismiss suit on plaintiff's second motion for continuance on ground that his wife, a coplaintiff, was sick and unable to attend court, and for absence of witnesses, where plaintiff was present and manifested purpose not to abandon suit and excepted to court's action in dismissing it.

Appeal from District Court, Montague County; Paul Donald, Judge.

Suit by A. S. Beasley and wife against L. Keck. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded.

Homer B. Latham and Benson & Benson, all of Bowie, for appellants.

J. S. Jameson, of Montague, and J. M. Donald, of Bowie, for appellee.

CONNER, C. J. A. S. Beasley and wife, Mary E. Beasley, instituted this suit on January 17, 1924, against L. Keck. The suit was in the usual form to recover title and possession to certain land described in the petition. The defendant answered by pleas of not guilty and several statutes of limitation, etc. The record shows that the case had been continued from time to time until the October term of said court, 1924, at which time the plaintiff, A. S. Beasley, presented his second motion for continuance on the ground that his coplaintiff, his wife, was sick and unable to attend court, and because of the absence of several witnesses named in the petition whose expected testimony was detailed in the motion, and a showing of the diligence that had been exercised by the plaintiffs in the effort to secure the attendance of the witnesses. The motion was contested by the defendant, and the contest sustained. Whereupon, as the record shows, the "cause was dismissed, to which action of the court the plaintiffs excepted and gave notice of appeal" to this court. The appeal has been duly prosecuted, and we are called upon to review the action of the court in dismissing the cause.

[1] The record fails to disclose that appellants made any motion in the court below for a new trial, or filed therein any bill of exception or assignment of error, and appellee urges that we hence are not empowered to consider appellants' complaint of error. Appellants reply that the error in the court's action is fundamental and as such entitles it to consideration under our rules. If the error is a fundamental one indeed, under our rules we are required to consider it.

Article 1944, V. S. Civ. Statutes 1914 (article 2162, Rev. Statutes 1925), declares that—

"Every suit shall be tried when it is called, unless it be continued or postponed to a future day of the term to be placed at the end of the docket to be called again for trial in its regular order."

Appellee cites several cases in aid of his contention that the court undoubtedly had jurisdiction and power to dismiss the suit. Among them are the cases of American Sure-

---

ty Co. v. Thach (Tex. Civ. App.) 213 S. W. 314; Parr v. Chittim (Tex. Com. App.) 231 S. W. 1079. In these cases, however, it appears that the plaintiffs in the suit had failed to appear either in person or by attorney, and in such cases it was undoubtedly proper to dismiss the suit in the absence of a cross-action on the part of the defendant. But in the case of Roemer v. Shackelford (Tex. Civ. App.) 23 S. W. 87, in an opinion by Mr. Justice Williams, it was said, quoting from the headnote:

"Where sufficient diligence is not being used by plaintiffs to bring a suit to trial, but they duly appear to represent their cause, defendant's remedy is to force them to trial, and not to have the suit dismissed for want of prosecution."

In the case of Commercial Credit Co. v. Wilson, 219 S. W. 298, the Dallas Court of Civil Appeals said, among other things, that—

"The failure of the plaintiff in error to appear, when the case was called for trial, was in effect an abandonment of the prosecution of his cause, and the trial court erred in rendering judgment that it take nothing and that the notes sued on be canceled. The only proper judgment was one dismissing the suit."

In the case of American Surety Co. v. Thach, 213 S. W. 314, by the Austin Court of Civil Appeals, in an opinion by Chief Justice Key, it was said:

"Where a plaintiff fails to appear in person or by attorney, and where there is no cross-action upon which the defendant is entitled to invoke a trial, the only judgment which should be rendered is one dismissing the case for want of prosecution, and the court cannot properly render a judgment upon the merits."

In the case of Wolf v. Sahm, 135 S. W. 733, the San Antonio Court of Civil Appeals held, in an opinion by the lamented Justice Neill, that the error in dismissing a suit without any ground appearing therefor is fundamental and necessitates a reversal, though the error is not assigned. See, also, Drummond v. Lewis, 157 S. W. 266.

In the case of Commercial Credit Co. v. Wilson, supra, it was held that a judgment for the defendant, rendered on plaintiff's failure to appear, would be reversed on the plaintiff's appeal therefrom, notwithstanding there was no motion for a new trial nor assignments of error filed, since the rendition of such a judgment, instead of a dismissal without prejudice for want of prosecution, was fundamental error.

[2] Unlike the cases cited in behalf of appellee, at least one of the plaintiffs in this case, the husband, was present in court and manifested his purpose to not abandon his suit and excepted to the court's action in dismissing it. The defendant had the right un-doubtedly, after the court's action in overruling the motion for continuance, to force the plaintiff to trial or to take a nonsuit, or possibly recover a judgment in his favor if his cross-pleas and evidence were such as to entitle him to such a judgment. But he made no effort to pursue this course so far as the record shows.

We conclude that the court erred in dismissing the suit, and that the error is a fundamental one, because of which the judgment should be reversed and the cause remanded.