## DALTON v. DAVIS et al. (No. 268.)

Court of Civil Appeals of Texas. Eastland.
March 11, 1927.

Rehearing Denied May 20, 1927.

1. **Appeal and error** ⚖╌544(1), 719(1)—**In absence of proper assignment of error and statement of facts, attacks on findings cannot be considered.**

Attacks on findings of fact contained in trial court's judgment cannot be considered, in absence of proper assignments of error and statement of facts.

2. **Judgment** ⚖╌126(1)—**Filing statement of facts not required in trespass to try title, where defendant, personally served, failed to appear (Rev. St. 1925, art. 2158).**

Rev. St. 1925, art. 2158, requiring that, in all suits where service is by publication, and defendant does not appear and is not represented by attorney of his own selection, a statement of facts shall be made and filed among the papers of the case, *held* not to apply to action of trespass to try title, in which defendant was personally served, and filed answer, but failed to appear.

---

⚖╌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Dismissal and nonsuit ☞60(9)—Judgment ☞16—Where plaintiff fails to appear, court must dismiss and cannot render judgment against him.**

When plaintiff files suit and does not appear, court cannot try his case and render judgment against him, but must dismiss suit for want of prosecution.

**4. Judgment ☞568—Default judgment, properly granted on defendant's failure to appear, in trespass to try title action and to remove cloud, barred defendant's similar cross-action.**

Default judgment, properly granted on defendant's failure to appear, in action of trespass to try title and to remove cloud, *held* complete bar to defendant's similar cross-action.

**5. Appeal and error ☞1029—Trial error is not reversible, where it conclusively appears that complaining party cannot obtain any relief by a second trial.**

Even if an error is committed by trial court, a reversal will not be had if it conclusively appears that complaining party cannot obtain any relief by a second trial.

On Motion for Rehearing.

**6. Quieting title ☞10(1)—Suit to remove cloud can only be maintained by one having title.**

A suit to remove cloud from title can only be maintained by one having title to the premises.

**7. Judgment ☞725(1)—Matter directly adjudicated or necessarily involved in determination of action cannot again be litigated.**

Any right, fact, or matter in issue and directly adjudicated or necessarily involved in determination of an action before a competent court, in which a final judgment or decree is rendered on the litigation, is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, whether claim, demand, purpose, or subject-matter of the two suits is the same or not.

Error from District Court, Haskell County; Bruce W. Bryant, Judge.

Action by Sam Davis against Crate Dalton and others. Judgment for plaintiff, and named defendant brings error. Affirmed.

Callaway, Dalton & Callaway, of Dallas, and Murchison & Davis, of Haskell, for appellant.

Brooks, Smith & Robinson, of Anson, for appellees.

PANNILL, C. J. Plaintiff in error will be designated as appellant and defendants in error as appellees. Appellee Davis brought this suit against the appellant, Dalton, the First National Bank of Breckenridge, the First National Bank of Caddo and J. C. Turnbow, in trespass to try title, and to remove cloud from title. The alleged cloud on appellee's title was a sheriff's deed to appellant under an execution sale on a judgment rendered in favor of the First National Bank of Caddo against the appellee Davis. Turnbow, as sheriff, disclaimed. The two banks named filed pleas of privilege. The appellant filed an answer, putting in issue plaintiff's allegations and further a cross-action in trespass to try title against the appellee Davis and his wife. The two banks subsequently withdrew their pleas of privilege and filed no further answers. There was a trial at which the appellant did not appear, and judgment was rendered in favor of the appellee Davis, canceling the sheriff's deed to the appellant, removing the same as a cloud upon appellee's title, and that the appellant take nothing by his cross-action against appellee Davis and wife. The judgment contains the findings of fact upon which it is based, and upon the issues tendered by appellee's petition the court found, in substance, that a judgment was recovered by the First National Bank of Caddo against S. M. Davis in the sum of $1,500, which judgment was thereafter, by said bank last named, transferred to appellant, Dalton, and by said Dalton assigned to the First National Bank of Breckenridge; and that, while said judgment was owned by the said First National Bank of Breckenridge, the appellee Davis fully paid off said judgment to the said First National Bank of Breckenridge and obtained a written release of the same from said bank just named; that thereafter execution was issued on said judgment, and thereunder the premises in controversy were sold by Turnbow as sheriff and a sheriff's deed made by him to appellant, Dalton, which deed was then placed of record; that, at the time of the sale and of the execution of the sheriff's deed to appellant, appellant knew that the said judgment under which the premises were sold had been fully paid off to the First National Bank of Breckenridge by the appellee Davis, and release executed by said bank to him; that there was no consideration paid by appellant for the deed to him. Appellant has brought the case here by writ of error on the record, unaccompanied by a statement of facts.

[1] Two assignments of error are presented in which the judgment is assailed (1) on account of the alleged error in trying appellant's cross-action, and rendering judgment thereon when appellant did not appear; and (2) because no statement of facts of the evidence adduced upon the trial in appellant's absence was made and filed. By supplemental brief, attack is made upon the findings of the court that the judgment had been assigned to the First National Bank of Breckenridge and payment made to said assignee bank by appellee, Davis. Obviously these attacks upon the findings of fact contained in the court's judgment cannot be considered here (1) be-

cause of want of proper assignment; and (2) the absence of the statement of facts.

[2] Brief consideration will be given to the two assignments presented in their inverse order. It is asserted in the brief that in a trespass to try title suit, where the defendant does not appear, the law requires a statement of facts containing the testimony introduced, to be made and filed. There is a certificate in the record from the clerk that no such statement was filed in this case. The brief does not refer us to any statute or decision requiring such procedure in cases where the defendant is personally served, files an answer, and fails to appear. The matter is disposed of in the brief by the statement that it is unnecessary to cite authorities to sustain this proposition. Diligent search has been made, which fails to reveal any authorities to support the proposition, or any statute directing such procedure. Article 2158, Rev. St. 1925, does require that in all suits where service is by publication and defendant does not appear, and is not represented by an attorney of his own selection, such a statement of facts shall be made and filed among the papers of the cause. Clearly this statute has no application to this proceeding.

[3] It is the rule that, when the plaintiff files suit and does not appear, the court cannot try his case and render judgment against him, but must dismiss the suit for want of prosecution. Beasley v. Keck (Tex. Civ. App.) 280 S. W. 855; Parr v. Chittim (Tex. Com. App.) 231 S. W. 1079; Scarborough v. Bradley (Tex. Civ. App.) 256 S. W. 349, second case.

[4, 5] And it may be that this rule would apply to a cross-action filed by a defendant. It does not appear, however, that a reversal should follow the court's action in the instant case. If there is no error (and there appears to be none in the record as presented) in the judgment in favor of Davis against appellant, then appellant would gain nothing by having the cross-action remanded. He cannot recover the land from Davis without in some way removing the judgment canceling his deed. The judgment quieted Davis in his title and possession of the premises. If the case should be remanded for trial on the cross-action, this judgment would be a complete bar to a recovery by appellant. The rule is well settled that, even though an error has been committed by the trial court, a reversal will not be had if it conclusively appears that the complaining party cannot obtain any relief by a second trial. Newton v. Emerson, 66 Tex. 147, 18 S. W. 348.

Finding no reversible error, the judgment of the trial court is affirmed.

## On Motion for Rehearing.

Appellant vigorously challenges the correctness of the decision herein to the effect that the judgment in favor of Davis and against appellant would be a bar to appellant's cross-action in trespass to try title, and asserts that that holding involves an erroneous presumption on the part of this court that the appellant had no other claim to the premises except that shown by the canceled sheriff's deed.

[6] Appellant suggests that he might, on the trial of his cross-action, be able to produce a deed from Davis and wife subsequent to the sheriff's deed. After a careful review of the motion, it is believed that the statement in the opinion that appellant could not, without setting aside the judgment in favor of Davis and against him, successfully prosecute a suit against Davis and wife in trespass to try title, is correct. A suit to remove cloud from title can only be maintained by one having title to the premises. 32 Cyc. 1329; Armstrong v. Wilson (Tex. Civ. App.) 109 S. W. 955.

It is recited in the judgment in the instant case that appellee Davis held a perfect title to the premises except for the cloud cast thereon by the execution sale and sheriff's deed thereunder, and this finding or assumption was a necessary predicate for judgment in favor of appellee Davis as against appellant, Dalton.

[7] The rule is well settled that:

"Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in determination of an action before a competent court in which final judgment or decree is rendered upon the litigation, is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, whether claim, demand, purpose, or subject-matter of the two suits is same or not." Stephenson v. Miller-Link Lumber Co. (Tex. Com. App.) 277 S. W. 1039, and authorities there cited.

Therefore it is concluded that all claims which appellant may have had to the land up to and including the time of the trial of this cause, are foreclosed by the judgment rendered against him, and that his only recourse is a suit in the court rendering such judgment to vacate it or set it aside, and that the erroneous action of the court in rendering judgment against him on his cross-action becomes immaterial and affords no ground for reversal.

The motion for rehearing is overruled.