John Cone WILLIAMS, Plaintiff–
Appellant,

v.

Flo Evelyn WESTRIP and Johanna
Cunningham, Defendants–
Respondents,

and

Robert J. Wagnon, et al., Defendants.

No. 20335.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 14, 1996.

Rick S. Vasquez, Springfield, for appellant.

Mark Rundel, Galena, for respondents.

SHRUM, Chief Judge.

We conclude that there is no final judgment from which an appeal lies. Accordingly, we dismiss this appeal without prejudice.

This case arises out of an attempt to reform a deed in which four of the Defendants–Respondents, Robert J. Wagnon, Linda Wagnon, Bill G. Wagnon, and Mary J. Wagnon (collectively, "Grantors") conveyed certain real estate to Plaintiff–Appellant.[1]

The deed in question contained the following provision:

"Grantees, or either of them, shall not sell, convey or encumber said property or any part thereof for 20 years from this date, after which time such condition shall cease. Should grantees, or either of them, violate this condition, title to the property shall revert to John E. Williams, his heirs or assigns."

The John E. Williams named in the reversionary clause was Plaintiff's grandfather. Some time after John E. Williams died, Plaintiff filed this suit to reform the deed, seeking a fee simple absolute. Plaintiff's petition named as Defendants: Grantors and Flo Evelyn Westrip (Westrip), Lora Green-

---

1. When originally made, the deed named both Plaintiff and his wife, Debra K. Williams, as grantees. Later, as a result of their dissolution of marriage case, Debra K. Williams conveyed her interest in the real estate to Plaintiff.

way, Johanna Cunningham (Cunningham), and James Thomas Williams, the latter four being the devisees named in the last will and testament of John E. Williams (except for Plaintiff himself, also a devisee).

None of the Defendants filed a responsive pleading within the allotted time. Accordingly, Plaintiff's request to have the cause set for a hearing on the default of all parties was granted. At that hearing, Defendants Westrip and Cunningham appeared with counsel, requested a continuance, and were granted leave to file a responsive pleading out of time, over Plaintiff's objection. Of all the named Defendants, only Westrip and Cunningham have filed responsive pleadings.

At trial, Westrip and Cunningham moved for a directed verdict at the conclusion of Plaintiff's case. The trial court found that no deed was presented in evidence and sustained the directed verdict motion. The court dismissed the case as to Defendants Westrip and Cunningham. Plaintiff filed a Motion for A New Trial and a Motion to Set Aside as to Defendants Westrip and Cunningham. Following a hearing on these motions, the court overruled both. This appeal followed.

■ Even though not raised by the parties, an appellate court is obligated to notice, *sua sponte,* matters preventing it from obtaining jurisdiction. *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450[1] (Mo. banc 1994); *In the matter of S.B.A.,* 850 S.W.2d 356, 357[1] (Mo.App. 1993). "A prerequisite to appellate review is that there be a final judgment." *Committee for Educational Equality,* 878 S.W.2d at 450[3]; § 512.020, RSMo 1994. If a trial court's order is not a final judgment, the appellate courts lack jurisdiction and the appeal must be dismissed. *Id.* at 454.

■ An appealable judgment disposes of all issues *and all parties. Wyma v. Kauffman,* 665 S.W.2d 82, 83[1] (Mo.App.1984). "A judgment must be in such form that execution may issue without requiring external proof and another hearing." *Id.* at 83[2].

The judge's signed docket entry dated 4–28–95 reads:

"Case comes on for trial. Plaintiff appears in person and by his attorney, Rick S. Vasquez. Defendants, Flo Evelyn Westrip and Johanna Cunningham appear in person and by their attorney, Mark Rundel. No other appearances. At the conclusion of plaintiff's case, defendants' motion for judgment is sustained. Case dismissed as to defendants, Westrip and Cunningham. Court costs taxed against plaintiff. /s/ William T. Kirsch"

Plaintiff appealed from this purported judgment. However, the judgment is defective as an appealable judgment in that it only disposes of the case as to two of the eight Defendants. The judgment does not profess to dispose of the cause as to Grantors and two of the heirs and assigns, Lora Greenway and James Thomas Williams. The fact that these six Defendants are currently in default does not render the incomplete judgment appealable. Because the judgment entered disposes of less than all of the parties, it cannot be appealed without the trial court making "an express determination that there is no just reason for delay." Rule 74.01(b). *See Deaton v. Dugger,* 899 S.W.2d 145, 147 (Mo.App.1995). We need not decide whether the Rule 74.01(b) exception might have allowed an appeal in this case as no such finding was made.

Here, the judgment was not final as it did not dispose of Plaintiff's claim against all Defendants; hence, it was not appealable. This court lacks jurisdiction, and accordingly, we dismiss this appeal.

CROW and PARRISH, JJ., concur.