### In re the MARRIAGE OF Rita K. BERGER and Kent N. Berger,

Rita K. Berger, Petitioner–Respondent–Appellant,

**and**

Kent N. Berger, Respondent–Appellant–Respondent.

Nos. 20521, 20526.

Missouri Court of Appeals, Southern District, Division One.

Oct. 17, 1996.

Mark D. Calvert, Carnahan, Carnahan & Hickle, Rolla, for appellant.

Edward D. Hoertel, Hoertel & Hoertel, Rolla, for respondent.

PREWITT, Judge.

Following trial and a docket sheet entry, both parties appeal. In her brief, appellant Wife questions the finality of the docket entry to be a "judgment." Wife contends that the docket entry did not dispose of all the issues. We do not reach that contention, as it is apparent that the docket sheet entry is not a judgment under Rule 74.01(a).

Even though not raised by the parties, an appellate court is obligated to notice, *sua sponte,* matters preventing it from obtaining jurisdiction. *Williams v. Westrip,* 917 S.W.2d 590, 591 (Mo.App.1996). A prerequisite to appellate review is that there be a final judgment. *Id.* Rule 74.01(a) provides:

Rule 74.01 JUDGMENT

(a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.[1]

The entry was initialled by the judge. The rule requires that the judgment be signed by a judge, not that it bear the judge's signature. Obviously, a signature

---

1. Supreme Court Administrative Rule 4.12 "Judgments" provides that the "court shall approve and sign the judgments in all civil and domestic relations cases." *See also* Administrative Rule 4.09(6) (Judgments entered on the docket sheets "shall be signed by the judge.")

would be a sufficient signing, but initialling could be signing, although not the judge's ordinary signature.

A signing by initials or other method is sufficient for the statute of frauds, "if in signing in any of these methods he intended to authenticate the paper as his act." *Irving v. Goodimate Co.*, 320 Mass. 454, 70 N.E.2d 414, 417 (1946). Other cases indicate that it is the intent to authenticate a writing when putting initials or other marks which controls. *See Venable v. Hickerson, Phelps, Kirtley & Assoc., Inc.*, 903 S.W.2d 659, 662–63 (Mo.App.1995); *Sedmak·v. Charlie's Chevrolet, Inc.*, 622 S.W.2d 694, 699 (Mo.App. 1981); *Newton v. Emerson*, 66 Tex. 142, 18 S.W. 348, 349 (1886).

Initialling could only be an attempt to authenticate the entry, otherwise there would be no purpose in doing so. However, the purported docket entry falls short, as it was not "denominated" as a "judgment." "Judgment" was not used anywhere in the entry.

In addition, the docket entry provides "counsel for Def [sic] to prepare formal decree." Requesting the party's attorney to prepare a "formal decree" establishes that the trial court did not intend a docket sheet entry to constitute the document finally determining the rights of the parties, thus making it a "final judgment." *In re the Marriage of McCoy*, 818 S.W.2d 322, 323–24 (Mo. App.1991); *Orgill Bros. & Co., Inc. v. Rhodes*, 669 S.W.2d 302, 303–04 (Mo.App. 1984). We do not believe that Rule 74.01, which has been amended since these cases, changes their holding.

There being no judgment, the appeal is dismissed.

BARNEY, P.J., concurs.

GARRISON, J., concurs, and files separate concurring opinion.

GARRISON, Judge, concurring.

I concur in the result reached by the majority opinion, but only on the basis that, by requesting a party's attorney to prepare a "formal decree," the trial court indicated its intention that the docket entry was not the final judgment. I am not convinced that an entry or document entitled "Decree" would fail to qualify as a "judgment" under Rule 74.01, especially in light of the fact that § 452.305 specifically authorizes the circuit court to enter a "decree" of dissolution of marriage.