**Vonnieta E. TRICKEY, Plaintiff–Respondent,**

v.

**Austin H. MARKS, Defendant–Appellant.**

**No. 21611.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 4, 1997.

---

1. References to statutes are to RSMo 1994.

Vonnieta E. Trickey, pro se.

Austin H. Marks, pro se.

MONTGOMERY, Chief Judge.

Plaintiff's petition, filed September 7, 1995, alleged that Defendant retained her as his attorney in a "felony matter of interstate travel with the intent of murder for hire." Plaintiff claimed Defendant owed her $14,650 for legal services rendered therein. Subsequently, Defendant filed a "response" to Plaintiff's petition and a motion to dismiss.

On October 4, 1995, the trial court made the following docket entry:

Case called. Defendant fails to appear. Judgment by default upon the evidence in favor of the plaintiff and against the defendant as per the Judgment to be prepared and filed by the plaintiff.

After the trial court denied Defendant's motion to set aside the judgment, he appeals.

Although not raised by the parties, an appellate court is obligated to notice, *sua sponte*, matters preventing it from obtaining jurisdiction. *Williams v. Westrip*, 917 S.W.2d 590, 591 (Mo.App.1996). " 'A prerequisite to appellate review is that there be a final judgment.' " *Id. (quoting Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994)).

For at least one reason, there is no final judgment in this case. The docket entry provides that "the Judgment" is to be prepared and filed by the Plaintiff. The record does not contain any such document.

The trial court's direction that Plaintiff prepare and file "the Judgment" establishes that the docket entry was not intended as a judgment finally determining the rights of the parties. Thus, the docket entry was not a final judgment. *In re Marriage of McCoy*, 818 S.W.2d 322, 323–24 (Mo.App.1991); *Orgill Bros. and Co., Inc., v. Rhodes*, 669 S.W.2d 302, 303–04 (Mo.App.1984).

We recognize that Rule 74.01 has been amended since *McCoy* and *Orgill*. However, in *In re Marriage of Berger*, 931 S.W.2d 216, 217 (Mo.App.1996), this Court said that the amendment to Rule 74.01 does not change the holding of those two cases.

The appeal is dismissed for lack of a final judgment.

PARRISH, P.J., and BARNEY, J., concur.