**Albert WYMA and Grace Wyma, Plaintiffs-Appellants,**

**v.**

**Jesse W. KAUFFMAN, Rose Kauffman, Michael C. Freeman, Trustee, and State Highway Commission of State of Missouri, Respondents.**

**No. 13127.**

Missouri Court of Appeals, Southern District, Division One.

Feb. 8, 1984.

Kerry D. Douglas, Douglas, Douglas, Lynch & Ashlock, P.C., Bolivar, Don W. Owensby, Buffalo, for plaintiffs-appellants.

Bruce A. Ring, Chief Counsel, Paul Lambrecht, Jefferson City, for respondent-commission.

GREENE, Chief Judge.

Plaintiffs filed a four-count petition against multiple defendants seeking various forms of relief because of their discovery that a motel they owned was encroaching upon the right-of-way of State Highway 54. Count II of plaintiffs' petition, against the State Highway and Transportation Commission, sought a declaratory judgment that the Commission was estopped to claim a certain line as the state's right-of-way. The Commission counterclaimed, alleging that it was not so estopped, and requested a mandatory injunction to force plaintiffs to remove the encroaching portion of their motel from the right-of-way. Count II of the petition and the counterclaim were severed for trial, and it was agreed that appeal would lie from the trial court's judgment on those matters.

Trial by court resulted in a judgment against plaintiffs on Count II of their petition, and a judgment for the Commission on its counterclaim. The trial court's judgment on the counterclaim ordered plaintiffs "to remove within a reasonable time any such portion of the motel located upon the right-of-way of Route 54."

 Because of the disposition of this appeal, it is unnecessary to elucidate the facts beyond what appears above. An appeal may be had only from a final judgment, which disposes of all issues and all parties. *Luna v. Grisham*, 620 S.W.2d 427, 428 (Mo.App.1981). A judgment must be in such form that execution may issue without requiring external proof and another hearing. Id., at 428[2].

In the present case, the operative portion of the trial court's decree states:

"WHEREFORE, IT IS ORDERED; ADJUDGED and DECREED that Plaintiffs are not entitled to any legal or equitable relief against defendant.

IT IS FURTHER ORDERED, ADJUDGED and DECREED Defendant is entitled to judgment, and plaintiffs are enjoined from maintaining a motel or any

other building upon the right-of-way of Route 54 in Hickory County, Missouri.

IT IS FURTHER ORDERED, ADJUDGED and DECREED Plaintiffs are further ordered to remove within a reasonable time any such portion of the motel located upon the right-of-way of Route 54.

IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that costs hereof be taxed to Plaintiffs.

IT IS FURTHER ORDERED, ADJUDGED and DECREED by the Court that this Judgment is designated final for purposes of appeal."

The above judgment is defective for several reasons.[1] First, it fails to specify which defendant it addresses, in a case in which there are multiple defendants. Although reference to other portions of the decree and other pleadings in the case make it unmistakably clear that the State Highway and Transportation Commission is the defendant in question, the better practice would be to mention the parties by name.

 Most importantly, and fatal to the present appeal, is the imprecision of the injunctive language. A judgment or decree granting permanent injunctive relief should be in clear, precise and definite terms. 43A C.J.S. *Injunctions* § 247, pp. 552–3; 40 C.J.S. *Highways* § 227, pp. 227–8.

The trial court's decree fails to specify how much of plaintiffs' motel encroaches upon the right-of-way. Likewise, the court's findings of fact accompanying its judgment do not make a definite determination of this question. Two different surveys were introduced into evidence by each party, and each survey showed a different degree of encroachment. Nevertheless, the trial court did not enter a finding as to the propriety and accuracy of either survey. Neither plaintiffs nor defendants requested specific findings on this point. In such situations, the facts are to be considered as having been found in accordance with the judgment reached. However, it is impossible for this court to construe the facts, so as to justify the judgment, in light of the evidence presented. Rule 73.-01(a)(2), V.A.M.R.

This is not a case where the parties agree on the location of an offending encroachment. *Seaton v. Weir*, 633 S.W.2d 212, 215 (Mo.App.1982); *Connell v. Baker*, 458 S.W.2d 573, 578[10] (Mo.App.1970). The degree of encroachment was a contested issue of fact. The judgment is devoid of a description of that portion of the motel located on the right-of-way. There is no way, as the judgment presently stands, for plaintiffs or anyone else to insure that plaintiffs will comply with the trial court's order. A further hearing must be held for determination of the question. After hearing, the trial court must precisely specify that portion of plaintiffs' motel which must be removed from the state's right-of-way. *Frank v. Davis*, 41 S.W.2d 830, 831–2[4] (Mo.App.1931).

Lacking a final judgment, the appeal is dismissed as premature, and remanded for further proceedings consistent with this opinion, after which a complete and final judgment consistent with this opinion shall be entered, from which appeal will lie. Under the circumstances, we express no opinion as to the merit, or lack thereof, of the points raised by plaintiffs in this appeal.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.

---

1. It should also be noted that in the opening paragraph of the judgment, the trial judge erroneously referred to the severance of Count III and trial thereon, rather than properly to Count

II. However, as reference to other pleadings or papers in the case rectifies the discrepancy, the judgment to that extent is sufficient. *Massey v. Massey*, 594 S.W.2d 296, 298[3] (Mo.App.1979).