**BAR–DEL, INC. and Barbara J. Deleuil, Appellants,**

v.

**OZ, INC., Appellee.**

**No. 92–CA–000676–MR.**

Court of Appeals of Kentucky.

April 9, 1993.

Bar–Del, Inc., Barbara J. Deleuil, pro se.

Bernard S. Lewis, George Salem, Jr., Louisville, for appellee.

Before HUDDLESTON, McDONALD and SCHRODER, JJ.

SCHRODER, Judge:

This case questions whether a mistake in the zoning classification is a mistake of law or a mistake of fact.

The appellants agreed to sell and the appellee agreed to buy a tavern and accompanying licenses located at 4133 Bardstown Road, in Louisville. After the down payment was made, the purchaser applied for a permit to remodel when it discovered that the property was not zoned for a tavern use, even though the sellers had operated a tavern at said location for a number of years.[1] The property was zoned C–1 while a tavern use requires a C–2 zone.

The buyers sought rescission of the contract due to a mutual mistake of fact, and the sellers defended on the grounds that the mistake was one of law which does not permit rescission. The circuit court ruled at a bench trial that the mistake was one of fact. We agree and affirm.

The agreement obviously was for the sale of a business and the necessary licenses to run said business. We can assume the parties implied the sale of a legal business and not the sale of an illegal nonconforming use which has no legal right to continue operation. Courts will not enforce contracts which have a direct objective or purpose which violates a statute, ordinance, or law. *Zeitz v. Foley*, Ky., 264 S.W.2d 267 (1954).

Although there is no Kentucky case dealing with mistakes in zoning ordinances, the case of *Bradshaw v. Kinnaird*, Ky., 319 S.W.2d 475 (1958) dealt with regulations under the Agricultural Adjustment Act of 1938 which regulated the size of a tobacco base. The parties knew the farm sold had a 14.3 acre tobacco base and thought all of it belonged to the farm sold. When it was subsequently learned that part of the base, although physically located on the farm sold, actually belonged to other land of the vendors, the court found a mistake of fact, not of law. Likewise, in the case sub judice, the parties are not questioning what is permitted under a C–1 or C–2 zone, but rather, in which zone was the property physically located. Both parties knew the tavern was being operated at its present location and both assumed it had the proper zoning[2] to continue such operation.

---

**1.** It doesn't appear that the sellers were grandfathered in with a preexisting legal nonconforming use, but were operating an illegal nonconforming use which could be stopped anytime by the city if it chose to do so.

**2.** Either as a principle permitted use or as a legal preexisting nonconforming use grandfathered in.

 

Their mistaken belief was one of fact (the current zoning), not of law (what is permitted in a C–1 zone). Under mistakes of fact, the contract may be rescinded. *See Murphy v. Torstrick*, Ky., 309 S.W.2d 767 (1958).

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

All concur.