**L.B.E., INC., d/b/a A–M Supply, Inc., Plaintiff/Respondent,**

v.

**Dennis W. LACLEAR, Defendant/Appellant.**

No. 65596.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 20, 1994.

Thomas George Bearden, Denise H. Bloch, Bearden, Breckenridge, Mattern & Perdue, St. Louis, for appellant.

Robert P. Baine, Jr., Baine & McHugh, Florissant, for respondent.

SMITH, Presiding Judge.

Defendant appeals from the judgment of the trial court ordering defendant, a former employee of plaintiff, to comply with a non-compete agreement in an employment contract. We dismiss the appeal.

Plaintiff's petition sought injunctive relief and restoration of "the monies lost by plaintiff as a result of the acts of the defendant" because of defendant's alleged breach of the contract. The trial court's judgment provided that as to Count I seeking injunctive relief the defendant "IS ORDERED to abide by the terms of the agreement ... requiring defendant to cease all activities prohibited by the terms of said [agreement] particularly the solicitation of any business within a 100 mile radius of 4677 McRee Avenue, St. Louis ..." As to Count II seeking relief other than an injunction the judgment provided:

"IT HEREBY IS THE FURTHER ORDER, JUDGMENT AND DECREE OF THE COURT that JUDGMENT must be, and the same accordingly is, rendered in favor of PLAINTIFF and against DEFENDANT and DEFENDANT IS ORDERED to *restore to plaintiff the provable monies lost by plaintiff as a result of the acts of defendant, and plaintiff is entitled to an accounting of the files made by defendant and the return of all customer lists and all other business records in the possession of the defendant.*" (Emphasis added)

The judgment of the court, as emphasized, leaves open for subsequent resolution the damages plaintiff is entitled to and the documents which are to be returned. Both of these areas are encompassed in the relief sought in plaintiff's petition.

Under Rule 74.01(b), when more than one claim for relief is presented, the court may enter judgment final for appeal as to fewer than all of the claims only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision which does not dispose of all claims, no matter how designated does not terminate the action and such order is not final for purposes of appeal. No express determination that "no just reason for delay exists" was made here.

Even if it had been the judgment is still not appealable. Rule 74.01(b) permits a trial court to designate as final a judgment as to one or more claims but fewer than all

claims. The minimum unit of disposition is at least one claim. *Committee for Educational Equality v. State,* 878 S.W.2d 446 (Mo.banc 1994) [4, 5]. A judgment which resolves fewer than all legal issues as to any single claim is not final regardless of a judge's designation that it is. Further, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment. *Id.* Plaintiff seeks relief here for breach of a contract. It seeks several remedies in regard to that claim. The judgment disposes only of the request for injunctive relief and does not dispose finally of the request for damages or the return of documents. It provides plaintiff is to recover damages and documents but does not determine the amount of the former or the identity of the latter. It is therefore not a final judgment.

Appeal dismissed.

PUDLOWSKI and WHITE, JJ., concur.