Marion C. **DEATON**, Peggy A. Deaton, Ovis Snider, Linda Snider, Harry Crawford, Mary Crawford, Virginia Beezley, Jack Frantz, Donna Frantz, Bill Frantz, Alice Frantz, and Marilyn Daily, Plaintiffs–Appellants,

v.

Tony **DUGGER**, Larry Dennis, Bill Quessenberry, Ida Mae Pastian, and Mark Saladin, Defendants–Respondents.

No. 19693.

Missouri Court of Appeals,
Southern District,
Division One.

May 26, 1995.

---

Celeste K. Johns, C. Bradley Tuck, Bowlin & Johns, Springfield, for plaintiffs-appellants.

Virginia L. Fry, Eric G. Jensen, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for defendants-respondents.

SHRUM, Chief Judge.

We conclude that there is no final judgment from which an appeal lies. Accordingly, we dismiss the appeal without prejudice.

The principle issue in this case is whether a rural road traversing Plaintiffs' lands is a private or public road. Plaintiffs claim the disputed road is a private road on their private property. To substantiate their contention, Plaintiffs sued the County Commissioners of Wright County (Dugger, Dennis and Quessenberry) and Ida Mae Pastain (who owns land served by the disputed road) in a four-count petition.[1] Defendants assert that the disputed road is a public road and is a part of what is now designated County Road No. 633.

In Counts I, II, and III, Plaintiffs requested a declaratory judgment stating the rights of the respective parties regarding the road. Specifically, Count I sought a declaration of whether the disputed portion was legally established as a county road. If found to be a county road, Plaintiffs then asked in Counts II and III that the trial court determine whether such public road, in whole or in part, was vacated pursuant to § 228.110, RSMo 1986, or abandoned as provided in § 228.190.

In Count IV (entitled "Nuisance"), Plaintiffs sought damages for "the harm caused to their property." They also asked for injunctive relief against the Commissioners, specifically that they be enjoined "from continuing to abuse the authority granted to them as commissioners ... by attempting to preclude Plaintiffs from fencing the Alleged Road." Plaintiffs plead that because Wright County did not maintain the road for over ten years, it now "presents a significant threat to [Plaintiffs'] health, safety, and welfare ... and endangers, renders insecure, interferes with, and obstructs the rights of the Plaintiffs." They allege they have been damaged because "in its present condition, [the disputed road] is susceptible to the dumping of waste which ... poses a substantial threat to the health, safety, and welfare of the Plaintiffs through contamination of their property, and the groundwater beneath said property." Additionally, Count IV charged that Defendants Dugger, Quessenberry, and Dennis abused their authority as Commissioners for

---

1. We glean from the docket sheet that another defendant, Mark Saladin, was allowed to intervene. His motion to intervene is not part of the record on appeal; hence, we are left to speculate as to his interest in the litigation.

Wright County "by failing to maintain the Alleged Road."

 After a two-day trial, the trial court declared, via a docket entry, that " 'Road 633' is a legally established road—not vacated or abandoned." As to the Count IV issue, the docket entry recites:

> "Further no damages are allowed for grading, pushing trees down, etc. in order to maintain the road. However, if adjoining landowner fences not in the right-of-way are damaged, Pleasant Valley Township & Wright Co. will be held liable."

The docket entry does not expressly rule on Plaintiffs' Count IV claim for damages based on a nuisance theory nor does it address Plaintiffs' request for injunctive relief against the Commissioners.

Even though not raised by the parties, an appellate court is obligated to notice *sua sponte* matters preventing it from obtaining jurisdiction. *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450[1] (Mo. banc 1994); *In the Matter of S__B__A__,* 850 S.W.2d 356, 357[1] (Mo.App. 1993). "A prerequisite to appellate review is that there be a final judgment." *Committee for Educational Equality,* 878 S.W.2d at 450[3]; § 512.020, RSMo 1986. If a trial court's order is not a final judgment, the appellate courts lack jurisdiction and the appeal must be dismissed. *Id.* at 454.

"An appealable judgment disposes of all issues in a case, leaving nothing for future determination." *Boley v. Knowles,* —— S.W.2d ——, —— [1995 WL 124354] (Mo. banc 1995), No. 77207, slip op. at p. 3, (March 21, 1995) (citing *Quiktrip Corp. v. City of St. Louis,* 801 S.W.2d 706, 710 (Mo.App.1990). There is, however, an exception to that rule where the trial court makes "an express determination that there is no just reason for delay." Rule 74.01(b). We need not decide

whether that exception might have allowed an appeal in this case as no such finding was made.

Because the order of the trial court did not dispose of the Count IV issue, it was not appealable. This court lacks jurisdiction and the appeal must be dismissed.[2]

FLANIGAN and MONTGOMERY, JJ., concur.

---

2. In this case, the final docket entry directed the Commissioners' lawyer to prepare and submit to the trial judge a formal judgment for his signature by July 7, 1994, "the formal date of this decision." Apparently the formal judgment contemplated was never prepared, or, if prepared, was never executed, or if executed, was not in the record on appeal. Because we dismiss for other reasons, we need not decide whether the docket entry failed as a judgment. *See, e.g.,*

*Grantham v. Shelter Mutual Insurance Co.,* 721 S.W.2d 242, 245[5] (Mo.App.1986). However, if this case is pursued, we urge entry of a formal judgment as to all issues and all parties. We suggest also that the judgment contain an adequate legal description for what was declared to be "a legally established road." *See Skinner v. Osage County,* 822 S.W.2d 437, 443[7–10] (Mo. App.1991)