Thomas E. ROBERTS and Patricia Roberts, Plaintiffs–Respondents,

v.

Walter JANSSEN, Defendant–Appellant,

and

Ralph Rider, Defendant.

No. 20027.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 22, 1995.

John E. Curran, Julie Jinkens McNitt Curran and Clifford, Osage Beach, for defendant-appellant.

W. Gary Drover, Camdenton, for plaintiffs-respondents.

SHRUM, Chief Judge.

We conclude that there is no final judgment from which an appeal lies. Accordingly, we dismiss this appeal without prejudice.

This case arises out of an attempt to foreclose a deed of trust containing a power of sale via the extrajudicial procedure provided for in §§ 443.290–.320.[1]

In Count I of their first amended petition, Plaintiffs, who are obligors on a note and grantors [mortgagors] of certain real estate under a deed of trust to secure the money obligation on the note, sought to enjoin the substitute trustee, Ralph Rider, and the grantee-mortgagee, Walter Janssen, from conducting a trustees sale.[2] In Count II, Plaintiffs sought damages from Defendant Janssen based on § 443.130 for his alleged failure to satisfy the deed of trust.[3]

Defendants Rider and Janssen were represented by the same lawyer before the trial court. By a single pleading filed on their behalf, Rider and Janssen answered Count I of Plaintiffs' petition with general denials and affirmative defenses. In that same pleading, Defendant Janssen answered Count II of Plaintiffs' petition and asserted a counterclaim with three counts against Petitioners. Count I of Janssen's counterclaim sought damages of $23,449.87 for his attorneys' fees allegedly incurred in the collection of the subject note. Count II requested that the court dissolve the temporary restraining order, exercise the power of sale in the deed of trust or allow the trustee to exercise the power, and issue an order vesting title to the subject property in any purchaser at foreclosure. Finally, Count III sought to interplead a deed of release to be held pending the entry of a declaratory judgment construing the provisions of the deed of trust.

Summarized, Defendant Janssen's principal defensive and offensive position was that: (1) Plaintiffs still owed him $23,449.87, representing "a reasonable attorney's fee incurred in the acceleration and foreclosure of such Deed of Trust," and (2) the deed of trust secured the $23,449.87 attorney fee indebtedness claimed by Janssen. With that as his premise, Janssen's defense theory was that Plaintiffs were not entitled to have their deed of trust released, and consequently were not entitled to injunctive relief or damages under § 443.130. Essentially, that same reasoning lay at the heart of Janssens' counterclaims.

A bench trial court resulted in a judgment for Plaintiffs on Counts I and II of their petition. Janssen's counterclaims were disposed of thusly:

"On Defendant's counterclaim, it is OR-DERED, ADJUDGED and DECREED

1. All statutory references are to Revised Missouri Statutes 1994, unless otherwise indicated.

2. In this opinion, when referring to Walter Janssen and Ralph Rider individually, we call them "Janssen" and "Rider," respectively. Collectively, we refer to them as "Defendants."

3. In pertinent part, § 443.130 reads: "If any [mortgagee or cestui que trust], thus receiving satisfaction, does not, within thirty days after request and tender of costs, deliver to the person making satisfaction a sufficient deed of release, such person shall forfeit to the party aggrieved ten percent upon the amount of the security instrument, absolutely, and any other damages such person may be able to prove such person has sustained, to be recovered in any court of competent jurisdiction."

on Count I: Judgment is entered in favor of Defendant but the attorney fees of $320.00 have already been paid by Plaintiffs; Count II: Requested relief denied for reasons set out above; Count III: A declaratory judgment is not needed in light of the Court's findings and orders."

This appeal followed.

█ Even though not raised by the parties, an appellate court is obligated to notice, *sua sponte*, matters preventing it from obtaining jurisdiction. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450[1] (Mo.banc 1994); *In the matter of S___B___A___*, 850 S.W.2d 356, 357[1] (Mo. App.1993). "A prerequisite to appellate review is that there be a final judgment." *Committee for Educational Equality*, 878 S.W.2d at 450[3]; § 512.020. If a trial court's order is not a final judgment, the appellate courts lack jurisdiction and the appeal must be dismissed. *Id.* at 454.

█ An appealable judgment disposes of all issues and all parties. *Wyma v. Kauffman*, 665 S.W.2d 82, 83[1] (Mo.App.1984). "A judgment must be in such form that execution may issue without requiring external proof and another hearing." *Id.* at 83[2].

█ The operative portion of the judgment which deals with Count I of Plaintiffs' case reads:

"WHEREFORE, it is ORDERED, ADJUDGED and DECREED that a permanent injunction is issued restraining, prohibiting and forbidding *the Defendant* from proceeding with a foreclosure of said deed of trust." (Emphasis ours.)

The judgment is defective as an appealable judgment in that it fails to specify which defendant it addresses in disposing of Count I of Plaintiffs' petition, a count in which there are multiple defendants. *See Wyma*, 665 S.W.2d at 84. Although reference to other portions of the judgment and to the pleadings make it reasonably clear that Defendant Janssen is "the Defendant" that the trial court intended to enjoin, that interpretation

does not render the judgment appealable. Because the judgment entered is as to less than all of the parties, it cannot be appealed without the trial court making "an express determination that there is no just reason for delay." Rule 74.01(b). *See Deaton v. Dugger*, 899 S.W.2d 145, 147 (Mo.App.1995). We need not decide whether the Rule 74.01(b) exception might have allowed an appeal in this case as no such finding was made.

Here, the judgment was not final as it did not dispose of Plaintiffs' Count I claim against both Defendants; hence, it was not appealable. This court lacks jurisdiction and accordingly, we dismiss this appeal.

PREWITT, P.J., and PARRISH, J., concur.