**Russell TAYLOR, d/b/a Taylor Glass, Plaintiff–Respondent,**

v.

**Bob HENDERSON, d/b/a West Plains Glass Co., Defendant,**

**and**

**Evergreen National Corp., a Florida Corporation, Defendant–Appellant,**

**and**

**Robert W. Plaster, Trustee of the Robert W. Plaster Trust, dated December 13, 1988, and Robert W. Plaster, Trustee of the Robert W. Plaster Trust, dated April 14, 1984, Defendants,**

**and**

**Killian Construction Co., a Missouri corporation, Defendant.**

No. 20369.

Missouri Court of Appeals,
Southern District,
Division Two.

June 4, 1996.

Donald R. Duncan and Eric M. Belk of Turner, Reid, Dincan, Loomer & Patton, Springfield, for appellant.

Donald L. Cupps of Ellis, Ellis & Cupps, Cassville, for respondent.

PREWITT, Presiding Judge.

Plaintiff filed a two-count petition seeking, in Count I, a judgment against Defendant Henderson and, in Count II, a judgment for a mechanic's lien on real property of Defendant–Appellant Evergreen National Corporation and Defendant Robert W. Plaster in two capacities as trustee. Both counts sought the identical claim of $76,214.62, with interest.

Thereafter, Plaintiff moved for summary judgment against Defendant Evergreen National Corporation. The trial court sustained the motion and entered summary judgment against Defendant–Appellant, granting Plaintiff a lien on certain property in which it had an interest for the amount sought, together with interest. The Court recited that it "finds pursuant to Missouri Civil Rule 74.01 that other claims may remain outstanding, but there is no just reason for delay and therefore this judgment shall be final for the purposes of appeal on this date [June 26, 1995]." The court's order granting this "Judgment of Summary Judgment" was filed stamped by the circuit clerk on July 28, 1995. The record does not show any disposition against the remaining defendants.[1]

■ Although not raised by the parties, this Court is required to determine if it has jurisdiction to hear this appeal. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995); *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *In re Marriage of McMillin*, 908 S.W.2d 860, 861 (Mo. App.1995); *Roberts v. Janssen*, 906 S.W.2d 901, 903 (Mo.App.1995). If the order of the trial court is not appealable, this Court lacks jurisdiction and must dismiss the appeal. *Boley*, 905 S.W.2d at 88; *Committee*, 878 S.W.2d at 454; *Roberts*, 906 S.W.2d at 903; *Deaton v. Dugger*, 899 S.W.2d 145, 147 (Mo. App.1995).

■ Generally, an appealable judgment disposes of all issues and all parties. *Roberts*, 906 S.W.2d at 903. Rule 74.01(b), however, permits a trial court to enter an appealable order on a single claim when multiple

---

1. The docket sheets reflect that on July 1, 1992, a "default judgment as to Count I" was entered against Defendant Bob Henderson. On July 7, 1992, pursuant to Henderson's motion, the "judgment" was set aside and he was allowed to file an answer.

claims are asserted and to make the order appealable, "upon an express determination that there is no just reason for delay." Under this rule, the order must dispose of a claim, and an order that resolves fewer than all legal issues of a claim is not appealable and may not be appealed, even if the trial court designates it as such. *Boley,* 905 S.W.2d at 88; *Committee,* 878 S.W.2d at 450; *L.B.E., Inc. v. LaClear,* 889 S.W.2d 179, 181 (Mo.App.1994). If an order merely disposes of a remedy but not all remedies, it is not an appealable order and this Court lacks jurisdiction. *Boley,* 905 S.W.2d at 88.

Here, there was one claim, for work performed on certain property allegedly owned by Defendants Evergreen and Plaster. The remedies sought were a personal judgment against Henderson and a lien against the property. From the record presented there is no indication of the disposition of all the issues and remedies as to the single claim presented. Therefore, the order entered is not appealable, notwithstanding the trial court's intention and attempt to make it so. *Committee,* 878 S.W.2d at 450; *Record v. Continental Ins. Co.,* 901 S.W.2d 284, 285 (Mo.App.1995).

The appeal is dismissed.

SHRUM, C.J., and CROW, J., concur.