STATE ex rel. George CHIAVOLA
& Connie Flott, Appellants,

v.

VILLAGE OF OAKWOOD, Mo.,
et al., Respondents.

No. WD 51383.

Missouri Court of Appeals,
Western District.

Aug. 13, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 1, 1996.

Application to Transfer Denied
Nov. 19, 1996.

Robert H. Freilich, Kansas City, for Appellants.

James Franklin Ralls, Jr., Kansas City, for Respondents.

Before EDWIN H. SMITH, P.J., and LOWENSTEIN and SMART, JJ.

LOWENSTEIN, Judge.

This is the second time this court has been asked to render a decision on this case. In *Chiavola I, State ex rel. Chiavola v. Village of Oakwood,* 886 S.W.2d 74 (Mo.App.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 1724, 131 L.Ed.2d 582 (1995), this court determined that a small bedroom community's single zoning practices (all residential) were facially constitutional, and that a comprehensive plan, required under § 89.040, RSMo. (1986) could be inferred from zoning ordinances and subsequent action by the communities without producing a separate written plan. *Chiavola I* came to this court on a summary judgment motion which ruled the Village of Oakwood (Oakwood) zoning scheme was unconstitutional. The case was remanded to the trial court for a decision on the Plaintiffs' remaining issues in their multi-count petition. On remand, the trial court determined that the decision in *Chiavola I* caused the remaining counts "to fall like dominoes" and dismissed the as-applied counts and all remaining counts of the Plaintiffs, Chiavola and Flott (Chiavola) petition. Plaintiffs have appealed the dismissal of their remaining counts, contending that they are entitled to have their evidence heard before the trial court renders a decision. At issue here in *Chiavola II* is whether the decision in *Chiavola I* rendered Chiavola's remaining counts moot.

By way of recap, in the appeal in *Chiavola I,* Oakwood prayed for this court to declare that: (1) Ordinance No. 10 in which all property zoned residential with lots of 2–3 acres, was not facially unconstitutional; and (2) neither the ordinance nor the scheme were statutorily invalid for failing to provide a separate written comprehensive plan. This stemmed from the trial court's finding that Oakwood's single use zoning plan enacted in 1955 through its sole zoning Ordinance was unconstitutional facially and as it applied to Chiavola's property and for the municipality's failure to have a separate comprehensive plan as required by statute § 89.040, RSMo. (1986). In the Order of Summary Judgment the trial court struck down and held Oakwood's zoning ordinance invalid, (which was in reality, as discussed further below, an order of partial summary judgment), and Oakwood appealed.

In *Chiavola I* this court was asked to address the *facial* constitutionality issue in this case and determined that the general plan from Ordinance No. 10 was to create a small bedroom community consisting of 80 homes. This court ruled it could not say that such a plan did not bear a substantial relationship to public health, safety, morals or general welfare and, therefore, was unreasonable or, that the detriment to Landowners outweighed the public benefits. 886 S.W.2d at 77. Thus, this court determined that Ordinance No. 10 was not facially unconstitutional. *Id.* at 77. Furthermore, this court determined that the language of § 89.040, RSMo. (1986), did not require a *separate written* comprehensive plan but that one

could be inferred from Ordinances and subsequent actions of municipalities. Specifically, this court addressed Oakwood's Ordinance No. 10 and found that the comprehensive plan of creating and keeping the community strictly residential was inferable, therefore, the Ordinance was not statutorily invalid. *Id.* at 82. As will be pointed out later, it was unclear in the appeal in *Chiavola I* whether an issue in that appeal was another Chiavola assertion; and whether the zoning scheme was unconstitutional on due process grounds "as applied" to the landowners. This court noted in footnote 1 at page 76:

> The issue of whether Ordinance No. 10 is unconstitutional as it applied to Chiavola and Flott was not preserved on appeal. Both parties directed their efforts towards the facial unconstitutionality of Ordinance No. 10 and therefore we focus on that issue. This court finds even had they chosen to assert an as applied argument, the Ordinance was constitutional as it applied to their land.

On remand, the circuit court determined that based on this court's mandate and footnote 1 of *Chiavola I*, the remaining counts in the plaintiffs' petition were no longer justiciable. Specifically, footnote 1 state that while this court was only asked to determine the facial constitutionality of the case, if the "as applied" issues had been presented the court would render the same decision. Footnote 1 addressed an issue not before the court and was dicta.

What is ultimately left to be decided today is whether the mandate in *Chiavola I* adversely affected all Chiavola's remaining counts requiring them to fail in *Chiavola II* or whether any of the remaining counts stand unaffected to the degree of being justiciable.

Some additional background must be presented due to the complicated procedural history of this suit. Suffice it to say the underlying suit here brought by landowner, Chiavola, sought to set aside the zoning ordinance of the Village of Oakwood which limited land use to only single-family residential use. Oakwood is a bedroom community in Clay County, with 80 single family dwellings on 80 large lots. Development all around the community has taken place, and there is commercial development all along North Oak which bounds the Village on one side, and also runs parallel to the backside of the Chiavola property. The landowners' amended petition was in six counts and alleged various constitutional questions which would have the effect of declaring the zoning invalid, raised the issue of inverse condemnation and raised the issue of Oakwood's compliance with a Missouri statute on planning requirements made by cities. Although the circuit court entered an order purporting to grant partial summary judgment in favor of Chiavola on *all* of Count I. (The court's oral comments on the record, according to the parties, limited the ruling to the facial claim and the statutory compliance claim).

Paraphrased and condensed, Count I of the amended petition of Chiavola prayed for a declaration the zoning ordinance of the Village (single-family residential use and requirement of 30,000 square feet per lot for the eighty lots comprising the Village) violated the due process rights of landowner Chiavola. This count stated the ordinance was constitutionally infirm both on its face and as applied to Chiavola. This Count I also asked for a declaration that Oakwood's zoning ordinance could not be enforced since the Village had not adopted a "proper and timely comprehensive plan in violation of RSMo § 89.040". Pursuant to Rule 74.01(b) the court determined the Order of partial summary judgment to be final and appealable. As noted in the footnote in *Chiavola I*, the then appellant Oakwood, and then respondent Chiavola, chose to brief and argue only the Count I issues of facial invalidity and failure of Oakwood to have a comprehensive plan per § 89.040. 886 S.W.2d at 76, n. 1. The order in favor of Chiavola granting summary judgment which was certified by the trial court in *Chiavola I* found that the ordinance was "unconstitutional as set forth in Count I", of the petition, and violated § 89.040. A further complicating factor was present in that Count I sought damages and attorney fees for violation of Chiavola's "constitutional right to substantive due process in violation of 42 U.S.C. § 1983." In entering the judgment the trial court specifically excised out.

the matter of recovery of attorney fees pending the outcome of the appeal.

A box score summary of the entire Chiavola petition would look like this:

**COUNT I.** Oakwood's Ordinance No. 10 is unconstitutional a) on its face, b) as applied to Chiavola, and, c) violative of § 89.040, sans a plan. In addition to claiming damages under 42 U.S.C. § 1983, Chiavola also prayed for attorney fees under 42 U.S.C. § 1988. As an additional remedy, petition prayed for the zoning ordinance to be struck down. The trial court ruled on the facial claim and the statutory claim, but did not rule on the "as applied" claim.

**COUNT II.** Failure of Oakwood to grant a use variance to Chiavola violated constitutional rights. Remedy prayed for damages plus special damages, consultant's fees and attorney fees. The trial court did not rule on this count.

**COUNT III.** By not allowing commercial development of Chiavola's land, the Village has accomplished an inverse condemnation. The trial court did not rule on this count.

**COUNT IV.** Procedural Due Process violation under Missouri Constitution because Oakwood and its Board did not give timely notice of its decision, prejudging the Chiavola claim and relied on improper evidence. The trial court did not rule on this count.

**COUNT V.** (DISMISSED by Chiavola before summary judgment in *Chiavola I* was granted). Asked for relief by way of certiorari on Oakwood's failure to follow proper procedures.

**COUNT VI.** Mandamus to compel Oakwood to grant Chiavola a commercial use of the property. The trial court did not rule on this count.

What is now emerging is the procedural snarl which envelops the appeal now before the court in Chiavola II. Count I of the petition combined the facial and the as-applied constitutional challenges as well as statutory invalidity (no plan). The trial court entered partial judgment for Chiavola on Count I, except for this "as applied" claim and the claim for attorney fees, struck down the zoning ordinance, and under Rule 74.01(b) determined there was no reason to delay entering a judgment capable of appellate review. When *Chiavola I* reached this court, the then appellant, Village of Oakwood, and Chiavola did address the facial constitutional invalidity question and the statutory invalidity question, but the parties mysteriously left out any examination of the rest of Count I, the as applied constitutional question. 886 S.W.2d at 76. This court accepted jurisdiction because the court's written order purported to resolve all issues of Count I, except for the attorney's fee claim, when in fact the ruling did not address the "as applied" claim. This court in Chiavola I reversed the judgment as to Count I, and remanded the case to the trial court. This court in footnote 1, supra, in dicta, said even if the as applied argument had been presented, the issue would have been decided adversely to Chiavola.

On remand Chiavola contended *Chiavola I* concerned only the facial and statutory portions of Count I, while the as applied constitutional question, as well as the remaining four counts still remaining for disposition. The trial court, in what was the commencement of *Chiavola II*, ruled that this court's opinion in *Chiavola I* effectively ruled on the as applied prong of Count I, and as such, with Count I decided against Chiavola, the remaining counts fell like dominoes. The trial court then dismissed the remaining portions of the Chiavola petition, leading to Chiavola bringing forth *Chiavola II*.

As stated earlier, before examining whether or not *Chiavola I* effectively ended the lawsuit, which question is the sole issue here in *Chiavola II*, the court must digress to examine Rule 74.01(b) and the case law discussing appellate action when there is disposition of less than all claims for relief, and the trial court makes ". . . an express determination that there is no just reason for delay." In *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995), the Court made the following statements:

"Neither party questions the authority of the trial court to certify its order as appealable pursuant to Rule 74.01(b). This Court is nevertheless required to determine whether it has jurisdiction to hear the appeal. 'A prerequisite to appellate

review is that there be a final judgment'. If the order of the trial court was not a final judgment, this Court lacks jurisdiction and the appeal must be dismissed. An appealable judgment disposes of all issues in a case, leaving nothing for future determination. Rule 74.01(b), however permits a trial court to enter judgment on a single claim when multiple claims are asserted in a single case and to certify its judgment and to certify its judgment ... A judgment that resolves fewer than all legal issues as to any single claim is not a final judgment and may not be separately appealed even if the trial court designates it as final and appealable. 'Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment ... Thus, if the order disposed of one claim for relief the order is a final judgment and this Court has jurisdiction. Conversely, if the order merely disposed of a remedy, it is not a final judgment and this Court lacks jurisdiction to entertain the appeal". (Citations and footnotes omitted).

For an extended discussion of the fine points of Rule 74.01(b), particularly the differences between claims and remedies, see *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450–54 (Mo. banc 1994).

Though not raised by the parties, the language just quoted from *Boley* raises serious concerns about this court's jurisdiction to have heard *Chiavola I*, and the appealability here in *Chiavola II*. In looking back at the Chiavola petition which governs both *Chiavola I* and *II*, Count I raised three issues, two constitutional and one on statutory grounds. The circuit court judgment in *Chiavola I* purported to rule on all three. The then appellant in *Chiavola I*, who bore the laboring oar as to issues on appeal, chose not to brief the as applied issue. The respondent, Chiavola, went along with this plan, apparently on the theory or agreement with Oakwood that the as applied constitutional issue would wait for another day. Using 20/20 hindsight, this court should not have entertained the appeal in *Chiavola I*, as de facto, the issues presented to this court did not comprise a final judgment, for at least, the

*Chiavola I* appeal did not even fully dispose of even a single count. The question now is what to do. *Chiavola I* spawned a writ and a motion to transfer to our Supreme Court, and a request for certiorari to the U.S. Supreme Court.

An argument could be made, based upon the quoted language from *Boley*, that even if the "as applied" prong of Count I had been addressed in the first appeal, whether this court should have entertained an appeal where fewer than all legal issues as to any single claim were embodied in the judgment. An extended discussion of the ramifications of compliance with Rule 74.01(b) in *Chiavola I* would serve little purpose now. What is in order is to merely point out the need for appellate courts to carefully examine finality in all appeals—even ones that have been certified and the parties purposely or tacitly raise less than all issues or matters necessary to satisfying the requirement of a final judgment. To do otherwise, and find out in the second appeal, even as here, where the parties have not broached a word as to finality, that a lawsuit may have been improperly tried in driblets, just the situation Rule 74.01(b) attempts to help avoid. The purpose and policy behind our rule, which mirrors F.R.C.P 54(b), "is to avoid redundant review of multiple appeals based on the same underlying facts and similar legal issues". *Committee For Educational Equality*, 878 S.W.2d at 451.

For the purpose of this lawsuit only, the court rules *Chiavola I* is, to the extent of the issues it reached, the law of the case. The as applied constitutional argument, as noted in footnote no. 1 was, and is dicta, and was not binding on the trial court, therefore in fairness Chiavola may, on remand, present this issue to the court. Since the formal judgment before this court in *Chiavola I* expressed all of count I was being adjudicated, Chiavola has in both appeals strenuously argued that the trial court never intended to rule on the as applied prong, and will not be heard to argue that it really won on that issue since Oakwood made no mention of as applied it's appeal in *Chiavola I*.

The focus now is on strictly the question raised by Chiavola, now an appellant here in *Chiavola II*, does *Chiavola I* effectively preclude any chance of success for the remaining four counts of the petition? As may be apparent, the Chiavola petition seems to mix several claims and remedies through the now five count, 48 page petition. In order to not belabor this, *Chiavola II*, and in the interest of judicial economy to bring what should be a relatively simple lawsuit to some sort of conclusion, the court will now examine the remaining counts to see what (in addition to the as applied constitutional theory) will be at issue in circuit court.

■ The remaining counts, I through VI, were dismissed by the trial court for the reason the court believed the opinion in *Chiavola I* resolved all the remaining issues. On review of a motion to dismiss for failure to state a claim, this court assumes as true all facts and reasonable inferences deduced from those facts. *Shaw v. City of St. Louis,* 664 S.W.2d 572, 574 (Mo.App.1983). The following examination of the remaining counts in no way is meant to imply the eventual success or failure on any claim.

■ Count II of the petition, as can best be discerned, prays for relief because of the failure of Oakwood to rezone or grant a variance for their property. Again, the only matters decided in *Chiavola I* were that Oakwood, by zoning the Village single family, did not violate the Missouri statute on planning and did not commit a facial violation of the landowners' rights. The order of dismissal as to this count may not stand since *Chiavola I* did not decide the separate issues of the Village's decisions not to rezone nor to grant a variance.

■ Count III claims the actions of Oakwood amounted to an inverse condemnation, because the plaintiffs were deprived of "all economically viable use of the ... property ... and will deprive them of their reasonable, investment-backed expectations." The action for inverse condemnation was developed to provide the landowner a remedy when a condemnor physically accomplished a taking or damaging of private property carried out with none of the procedural or compensatory requirements of a regular eminent domain action. *Harris v. Missouri Department of Conservation,* 755 S.W.2d 726, 729 (Mo.App.1988). The landowner does not have to show a physical taking but an invasion or appropriation of a valuable property right that caused an injury. *Dulany v. Missouri Pacific Railroad Company,* 766 S.W.2d 645, 648 (Mo.App.1988); *Roth v. State Highway Commission,* 688 S.W.2d 775, 777 (Mo. App.1984). Police power actions which limit use of private property can in some instances constitute a de facto exercise of eminent domain. *Schnuck Markets, Inc. v. City of Bridgeton,* 895 S.W.2d 163, 167 (Mo.App. 1995). *See also Roth v. State Highway Commission,* 688 S.W.2d 775, 778 (Mo.App.1984), where a) aggravated delay by the condemnor from the announcement date of condemnation to the ultimate payment and b) the condemnor leveraging its offer as conditional on settlement of another tract constituted grounds for an action of inverse condemnation. Suffice it to say the claim for inverse condemnation requires balancing of several factors, and this claim was not decided in *Chiavola I,* and will be a live issue on remand.

Count IV is captioned as a "Violation of Procedural Due Process", and alleges numerous improper actions and considerations of Oakwood in dealing with Chiavola's request to use the property abutting North Oak for commercial purposes. This count may is vague, this court cannot now say it should have been dismissed.

■ The remaining portion of the petition subject to review is Count VI, titled "Mandamus". It proceeds on the theory that since Ordinance 10, the zoning ordinance, is invalid and unconstitutional, then the remedy of mandamus was available to Chiavola to have the court command Oakwood to allow a non-residential use. "A writ of mandamus is only appropriate when the respondent has a clear duty to perform a certain act". *State ex rel. City of Blue Springs v. Rice,* 853 S.W.2d 918, 920 (Mo. banc 1993). The purpose of mandamus is to execute not to adjudicate—it coerces performance of an already established duty. *State ex rel. Gladfelter v. Lewis,* 595 S.W.2d 788, 790 (Mo.App.1980).

"Mandamus will not lie to directly challenge and thereby determine the validity or constitutionality of an ordinance or statute respecting the duty involved". *State ex rel. City of Crestwood v. Lohman,* 895 S.W.2d 22, 27 (Mo.App.1994). Based on the authority just recited, the remedy of mandamus was and is inappropriate in this case, so this count was properly dismissed.

The judgment is affirmed in part and reversed in part, and remanded. The judgment dismissing Count VI is affirmed. The judgment is otherwise reversed, and the cause is remanded for further proceedings on Count I, the "as applied" constitutional challenge, as well as to Counts II, III, and IV.

All concur.