**MECO SYSTEMS, INC.,**
**Plaintiff/Appellant,**

**and**

**Artisan Construction Services, Inc.,**
**Plaintiff/Intervenor/Respondent,**

**v.**

**DANCING BEAR ENTERTAINMENT,**
**INC., et al., Defendants.**

**No. 21206.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 20, 1997.

John R. Lewis, Timothy J. Harris, Lewis & Moon, Springfield, for plaintiff-appellant.

Joseph A. Bohrer, Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, P.C., Springfield, for plaintiff-intervenor-respondent.

MONTGOMERY, Chief Judge.

This case results from the construction of the "Charlie Pride Theatre" in Branson, Missouri. Meco Systems, Inc. (Meco), by written agreement, agreed with Dancing Bear Entertainment, Inc. (Dancing Bear) to construct a theatre on property owned by Dancing Bear.

Thereafter, Artisan Construction Services, Inc. (Artisan) agreed with Meco, first orally and later in writing, to furnish labor and certain materials necessary in completion of the theatre.

Apparently a dispute arose between Meco and Dancing Bear after the theatre was allegedly completed. Meco filed suit against Dancing Bear and other defendants seeking damages for breach of contract and enforcement of a mechanic's lien. The petition also contained a count in quantum meruit.

Artisan intervened in Meco's suit seeking a judgment against Meco for breach of contract and enforcement of a mechanic's lien against the property of Dancing Bear.[1] Artisan sought a judgment against Meco in the amount of $83,526.54 plus interest.

Subsequently, Artisan moved for summary judgment against Meco and Dancing Bear along with other defendants. The trial court entered summary judgment against Meco in the amount of $82,778.54 plus interest but denied Artisan's request for a mechanic's lien. The trial court determined that the judgment against Meco "is final for the purposes of appeal, having expressly determined that there is no just reason to delay the finality of said judgment."

■ Meco appeals, claiming, *inter alia,* that the trial court erroneously designated the summary judgment as final for purposes of appeal because it is not a final judgment under Rule 74.01 in that the judgment does not resolve the legal issue concerning Artisan's requested mechanic's lien. We agree.

■ The rule regarding the appealability of judgments which lack finality as to all claims or parties is well explained in *Committee for Educ. Equality v. State,* 878 S.W.2d 446 (Mo. banc 1994.)

The right to appeal is established by statute. *Mo. const. art. V, § 5.* A prerequisite to appellate review is that there be a final judgment. § *512.020, RSMo 1986.* Even though all claims were not decided by the judgment, the trial court made an express determination that there was no just reason for delay and its judgment was final for purposes of appeal.

This case clearly involves multiple claims and multiple parties. The rule regarding the appealability of judgments which are not final as to all claims or to all parties is Rule 74.01(b):

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, ... shall not terminate the action....

Rule 74.01(b) permits a trial court to designate as final a judgment "as to one or more claims but fewer than all claims." Thus, the minimum unit of disposition is at least one claim. A judgment which resolves fewer than all legal issues as to any single "claim for relief" is not final notwithstanding the trial judge's designation as such. Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b).

*Id.* at 450 (citation omitted). The purpose and policy behind Rule 74.01(b), which mirrors F.R.C.P. 54(b), is "to avoid redundant review of multiple appeals based on the same underlying facts and similar issues. *Id.* at 451. Furthermore, any construction of Rule 74.01(b) that defeats the underlying purpose of the rule must be rejected. By withholding ruling on part of a claim, questions are left open which, upon full adjudication of the

1. Artisan's amended cross claim against Meco    also contained a count in quantum meruit.

claim by a trial court, may make the order appealed from moot or which, when fully decided, may even change the identity of the aggrieved parties." *Id.*

■ "An appellate court lacks jurisdiction whenever the judgment appealed is not final." *McCord v. Sisco,* 897 S.W.2d 194, 197 (Mo.App.1995). An appeal from such judgment is premature and must be dismissed. *Id.*

In *Taylor v. Henderson,* 924 S.W.2d 28 (Mo.App.1996), the plaintiff, apparently a subcontractor, sued an individual seeking a money judgment for $76,214.62 (Count I) and a judgment for a mechanic's lien against the property owners (Count II). The trial court entered summary judgment against the property owners, granting plaintiff a mechanic's lien for $76,214.62. The trial court designated the judgment as final for appeal purposes under Rule 74.01.

This Court determined that the order granting the mechanic's lien was not appealable notwithstanding the trial court's effort to make it so. Relying mainly on *Committee for Educ. Equality* and *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995), this Court said:

> Here, there was one claim, for work performed on certain property allegedly owned by Defendants Evergreen and Plaster. The remedies sought were a personal judgment against Henderson and a lien against the property. From the record presented there is no indication of the disposition of all the issues and remedies as to the single claim presented.

*Taylor,* 924 S.W.2d at 30.

Our holding in *Taylor* is dispositive of the instant issue. Here, Artisan had one claim, for work performed on property owned by Dancing Bear. The remedies sought were a money judgment against Meco and a lien against Dancing Bear's property. Artisan's single claim currently has an unresolved remedy, i.e., the requested mechanic's lien. According to *State ex rel. Chiavola v. Oakwood,* 931 S.W.2d 819, 823 (Mo.App.1996), trying and appealing a case in "driblets" is just the situation Rule 74.01(b) attempts to avoid in view of the rule's purpose as described in *Committee for Educ. Equality.* Artisan's single claim has one more "driblet" to resolve before a final and appealable judgment results.

The judgment in this case is not a judgment on one claim as required by Rule 74.01(b) because one of Artisan's remedies is left open for future adjudication. Therefore, the judgment entered is not appealable regardless of the trial court's Rule 74.01(b) designation as to the judgment's finality.

The appeal is dismissed.

PARRISH and SHRUM, JJ., concur.