David E. LOVE, Plaintiff–Appellant,

v.

ST. LOUIS CITY BOARD OF EDU-CATION, Its Members in their Official Capacity, et al., Defendants–Respondents.

No. 72572.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 6, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1998.

Application to Transfer Denied April 21, 1998.

David E. Love, St. Louis, pro se.

Kenneth C. Brostron, St. Louis, for respondent St. Louis City Board of Education, Its Members in their Official Capacity.

KAROHL, Judge.

Plaintiff, David Love, attempts appeal after the trial court dismissed Count X of a ten count petition. Love was the only plaintiff on this count. A co-plaintiff, Lonnie Snelling, was the sole plaintiff on Counts I

through IX. Snelling filed a separate appeal, No. 72580. We have jurisdiction because the court entered an appropriate Rule 74.01(b) finding.

■ Love filed the petition *pro se*. We review, giving the petition its broadest intendment, construing all allegations in favor of the appellant, and determining whether appellant stated any claim for relief under substantive law. *Vollman v. Rosenburg,* 950 S.W.2d 914, 915 (Mo.App. E.D.1997).

In Count X, Love attempted to allege claims for abuse of process and malicious prosecution against respondents, St. Louis City Board of Education and others. Love alleged John Doe Deputy Sheriff falsified the return on a deposition witness subpoena; the deposition was conducted on the falsified subpoena; a show cause order was issued against him for not appearing and a judgment of contempt was entered against him and later withdrawn. He alleged all of these acts were part of a scheme of defendants to direct his testimony or discourage him from testifying at trial in a lawsuit in which he was not a party.

Love filed a motion for leave to file an amended petition along with a proposed amended petition. In a judgment dated December 20, 1996, the trial court ruled that "all [defendants'] motions are granted," dismissing Count X as to all named defendants for failure to state a claim. It found Love failed to state a cause of action because he did not allege: (1) a causal connection between the acts alleged and his ability to testify at trial; (2) an improper use of a subpoena; and, (3) any damages. Love appeals *pro se*.

■ In his first point on appeal, Love argues the trial court's dismissal of his claims should be reversed because it only made a partial judgment which is not appealable under Rule 74.01. In effect Love's argument, though possibly unintended, is that his claims are still pending in the trial court and we have no jurisdiction to consider *his* appeal. *Albright v. Kelley,* 926 S.W.2d 207, 209 (Mo. App. S.D.1996). Generally, an appealable judgment must dispose of all issues and all parties. *Taylor v. Henderson,* 924 S.W.2d

28, 29 (Mo.App. S.D.1996). Rule 74.01(b), effective January 1, 1988, however, permits a trial court to enter an appealable order on a single claim when multiple claims are asserted and to make the order appealable upon an express determination that there is no just reason for delay. *Id.* at 29–30.

All the issues and parties were properly disposed of through dismissal of Count X in favor of "all defendants named herein." The trial court expressly determined, as required by Rule 74.01, there was no just reason for delay on Count X. Love's reference to an unserved defendant, John Doe Deputy Sheriff, is meaningless. The unserved defendant was never before the court and the attempted service became functus officio on the return day and thereafter conferred no authority to the trial court and is of no consequence in this appeal. *Fillingame v. McCoy,* 622 S.W.2d 344, 345 (Mo.App.1981). Point denied.

■ Love next argues the trial court erred when it dismissed his claim for failure to plead improper purpose or any actionable damage. He contends he sufficiently alleged improper purpose when he alleged that defendants used a known falsified subpoena for a deposition to obtain a finding of contempt against him. He also contends he sufficiently alleged damage to withstand a motion to dismiss when he stated, "[t]hat defendants' herein mentioned did use the Legal Process to discourage and force Plaintiff not to appear as a witness against it."

■ A pleading must contain a short and plain statement of facts showing the pleader is entitled to relief. Rule 55.05. Mere conclusions of a pleader not supported by factual allegations cannot be taken as true, and therefore, must be disregarded in determining whether the petition states a claim upon which relief can be granted. *Schott v. Beussink,* 950 S.W.2d 621, 629 (Mo.App. E.D. 1997). Love's allegations are not factual allegations. They are conclusory in nature. Moreover, Love was not a party to the lawsuit. As a potential witness he had no interest in the result. The lawsuit was also later voluntarily dismissed by the plaintiff. The trial court's finding that Love failed to plead

improper purpose or any actionable damage was not erroneous. Point denied.

 We gratuitously review Love's third point on appeal. He argues the trial court erred when it refused to grant him leave to amend his petition. Under Rule 55.33(a) a pleading may be amended once as a matter of course at any time before a responsive pleading is served. *Southwestern Bell Yellow Pages, Inc. v. Wilkins,* 920 S.W.2d 544, 550 (Mo.App. E.D.1996). Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party. *Id.* We find no abuse of discretion in denying Love's motion for leave to amend his petition where no damages were caused by any act of any defendant.

Appeal dismissed.

AHRENS, P.J., and CRANDALL, J., concur.