SUNBELT ENVIRONMENTAL SERVICES, INC., a Missouri Corporation, Plaintiff–Respondent.

v.

Scott A. NIELSEN and Tammy A. Nielsen, Husband and Wife, Defendants–Appellants,

Karen S. Carter, et al., Defendants.

No. 24270.

Missouri Court of Appeals, Southern District, Division Two.

May 28, 2002.

Larry K. Bratvold, Springfield, for appellant.

Stuart H. King, Springfield, for respondent.

Before GARRISON, P.J., PREWITT, J., and RAHMEYER, J.

PER CURIAM.

This is an appeal from a summary judgment entered in favor of Sunbelt Environmental Services, Inc. ("Sunbelt") in its suit for a mechanic's lien involving property in Springfield, Missouri ("the property"). The basis of Sunbelt's claim was environmental clean-up work performed on the property, including the removal of underground storage tanks, at the request of one or both of the fee simple owners William E. Carter (now deceased) and his wife, Karen S. Carter ("Carter").[1] Scott and Tammy Nielsen ("the Nielsens") where among the named defendants in the suit with alleged interests in the property. The Nielsens' interest in the property arose from a contract for deed that they entered into agreeing to purchase the property from the Carters.

---

1. There was a dispute about whether the contract for the work was entered into by William E. Carter and Carter, or William E. Carter alone.

The petition was in three counts and named not only Carter and the Nielsens, but also several other parties, including Hall, Ansley, Rodgers & Condry, P.C. ("Hall, Ansley"), James A. Young and Shirley Young (the "Youngs"), and Randell Wallace.[2] Count I was against all defendants for a mechanic's lien; Count II was against Carter for breach of contract; and Count III was against Carter on the theory of quantum meruit.

Sunbelt subsequently filed a motion for default judgment against Carter, alleging that she had been served by publication. The motion sought a judgment "to enforce mechanics [sic] lien in the amount of ($14,-487.44), together with interest." The record here reflects a docket sheet entry that the "court orders default judgment for [Sunbelt] as prayed. [Sunbelt's attorney] to provide formal."[3]

Sunbelt then filed a motion for summary judgment alleging that it was for the purpose of obtaining a summary judgment "enforcing [Sunbelt's] Mechanic's Lien against the subject real property and establishing the priority of the parties' interest in said real property." The prayer of the motion, however, requested only a judgment "to establish priority of liens against [the property]." The trial court entered the summary judgment from which this appeal flows, granting judgment for Sunbelt against Carter (the party against whom a default judgment had been entered) and the Youngs on Count I of the petition, declaring that it held a valid and enforceable mechanic's lien against the property. It also found that Sunbelt's mechanic's lien was "of lesser priority than and is subject to the claims and interests of [the Nielsens]." It is from this judgment that the Nielsens appeal.

The first issue we must deal with is whether the judgment appealed from is final and appealable. Even though neither party raises an issue about the completeness of the judgment in this case, we are required to examine the record to ascertain, *sua sponte*, if the jurisdictional prerequisite of a final judgment has been met. *Watson v. Moore*, 983 S.W.2d 208, 209 (Mo.App. S.D.1999). If the trial court's judgment is not final, this Court lacks jurisdiction and the appeal must be dismissed. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Generally, to be an appealable judgment it must dispose of all issues and all parties. *Taylor v. Henderson*, 924 S.W.2d 28, 29 (Mo.App. S.D.1996).

The summary judgment in this case left Counts II and III of Sunbelt's petition unresolved. As indicated above, those counts were against Carter seeking recovery for the same work referred to in Count I (the mechanic's lien count) but under different theories (breach of contract and quantum meruit). Likewise, the summary judgment failed to resolve Sunbelt's claims alleged in Count I (the mechanic's lien count) against the other defendants. Instead, it found in favor of Sunbelt on that count against Carter and the Youngs. While it declared that Sunbelt's mechanic's lien was of lesser priority and subject to the claims of the Nielsens and Hall, Ansley, it did not resolve the pleaded issue, as to these parties, of whether there should be a mechanic's lien. This is because Count I seeking the mechanic's lien was against all defendants, not just Carter and the Youngs.

In *Bellon Wrecking & Salvage v. Dave Orf, Inc.*, 956 S.W.2d 437 (Mo.App. E.D. 1997), Plaintiff filed a five count petition

---

**2.** Randell Wallace was dismissed from the suit before the summary judgment was entered, which is the subject of this appeal.

**3.** No issue is raised about the default judgment against Carter.

against several parties seeking a mechanic's lien and monetary relief allegedly due as a result of labor and materials furnished on a construction project. The trial court entered judgment for plaintiff against some, but not all of the defendants, and did not resolve the claims against the remaining defendants. The appellate court dismissed the appeal, holding that there was no appellate jurisdiction because the judgment was not a final one. *Id.* at 438–39.

*Taylor* involved a summary judgment entered in a suit seeking a personal judgment against one defendant and a mechanic's lien against two others. The summary judgment appealed from only granted a mechanic's lien against one of the defendants, but did not resolve the pleaded remedy sought of the personal judgment against one defendant, or of the mechanic's lien against the remaining defendant. This court held that a judgment must dispose of a claim, and if it disposes of fewer than all of the issues and remedies as to a single claim, it is not an appealable judgment. 924 S.W.2d at 30. In that case, we concluded that there was one claim, that being for work performed on certain property allegedly owned by two of the defendants. "The remedies sought were a personal judgment against [one defendant] and a lien against the property." *Id.* Since there was no indication of the disposition of all the issues and remedies as to the single claim, we concluded that there was not an appealable judgment even though the trial court had entered an order, pursuant to Rule 74.01, Missouri Rules of Civil Procedure, that there was no just reason for a delay. *Id.*[4]

A judgment resolving "some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation." *Gibson,* 952 S.W.2d at 244, citing *Weir v. Brune,* 364 Mo. 415, 262 S.W.2d 597, 600 (1953).

For these reasons alone, we hold that the summary judgment appealed from is not a final, appealable judgment over which we have jurisdiction. This requires that we dismiss this appeal. In doing so, we also note that the judgment entered purported to impose a "valid and enforceable mechanic's lien" on the property that was of lesser priority than and subject to the claims and interests of the Nielsens and Hall, Ansley without specifying the extent of those interests. "A judgment must be in such form that execution may issue without the necessity of external proof and another hearing." *Home Ins. Co. v. Carmar Group, Inc.,* 926 S.W.2d 564, 567 (Mo.App. S.D.1996). If a judgment is indefinite, it is void and unenforceable, and prevents an appellate court from obtaining jurisdiction, requiring a dismissal. *Id.*

Appeal dismissed.

---

4. In cases involving more than one claim for relief or multiple parties, Rule 74.01(b) permits the trial court to enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. No such designation was made in the instant case. It must be noted, however, that while a trial court may designate its judgment final as to particular claims, such designation is effective only if the judgment disposes of a distinct judicial unit or claim. *Asbury v. Crawford Elec. Co-op., Inc.,* 9 S.W.3d 774, 777 (Mo.App. S.D.2000). "[A] judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Id.*